**VENABLE LLP**
Amit Rana (SBN 291912)
arana@venable.com
Mona Mujaddidi (SBN 346028)
mmujaddidi@venable.com
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone:    415.653.3750
Facsimile:    415.653.3755

Attorneys for Defendant,
MCCORMICK & COMPANY,
INC.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRNELL MCCOY, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MCCORMICK & COMPANY, INC.,<br><br>Defendant. | Case No. 1:25-cv-00231-JLT-SAB<br><br>Hon. Jennifer L. Thurston<br><br>**DEFENDANT MCCORMICK & COMPANY, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**<br><br>Date:        June 27, 2025<br>Time:        9:00 a.m.<br>Courtroom: 4<br><br>Trial Date:    Not Assigned |

*VENABLE LLP*
*101 CALIFORNIA STREET, SUITE 3800*
*SAN FRANCISCO, CA 94111*
*415.653.3750*

1    **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2        PLEASE TAKE NOTICE THAT on June 27, 2025, at 9:00 a.m. in Courtroom 4, 7th Floor,

3    of the above-captioned court, located at Robert E. Coyle United States Courthouse, 2500 Tulare

4    Street, Fresno, California 93721, or as soon thereafter as counsel may be heard, Defendant

5    McCormick & Company, Inc. will and hereby does move this Court to dismiss Plaintiff Darnell

6    McCoy's ("Plaintiff") Complaint (the "Complaint").

7        This Motion is made pursuant to Rule 12(b)(6) on the grounds that Plaintiff fails to

8    plausibly state any claims against McCormick. All of the claims asserted in the Complaint rely on

9    Plaintiff's allegation that McCormick deceived consumers by using the words "Crafted and

10   Bottled in Springfield, MO, USA," in tiny print on the back of some of its French's mustard

11   products because the products contain allegedly foreign sourced raw ingredients. But Plaintiff has

12   has not plausibly alleged how this labeling actually violates California law. Plaintiff's threadbare

13   allegations fall short of the pleading requirements under Rule 8 and Rule 9(b). Further, his

14   equitable claims fail as a matter of law because he concedes that he has adequate legal remedies,

15   and he lacks Article III standing to pursue claims for prospective injunctive relief and to bring

16   claims for products he did not personally purchase. For these reasons, McCormick respectfully

17   requests that the Court dismiss the Complaint in its entirety.

18       The undersigned counsel hereby certifies that this Motion is made following the telephonic

19   meet and confer conference between counsel on April 10, 2025. During the meet and confer

20   conference, counsel for McCormick described the grounds for this Motion. Counsel for Plaintiff

21   declined to amend or dismiss their Complaint, thereby necessitating this Motion.

22       This Motion is based on the Notice of Motion and Motion, the accompanying

23   Memorandum of Points and Authorities, the supporting Declaration of Amit Rana, the papers and

24   records on file in this action, and any other matter the Court may consider.

25   Date:  April 16, 2025                 VENABLE LLP

26                                         By:  _/s/ Amit Rana_
                                                Amit Rana
27                                              Mona Mujaddidi
                                                Attorneys for Defendant,
28                                              MCCORMICK & COMPANY,
                                                INC.

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

1

## TABLE OF CONTENTS

2

**CONTENTS**                                                                                                    **PAGE**

3

I.      INTRODUCTION ...................................................................................................1

4

II.     BACKGROUND ....................................................................................................3

5

III.    LEGAL STANDARD.............................................................................................5

6

IV.     ARGUMENT ..........................................................................................................6

7

8        A.      The Court Should Dismiss Plaintiff's Complaint in Full Because He Fails
                  to Plead a Viable Claim Under California Law Given Section 17533.7's
                  Safe Harbors..................................................................................................6

9

10               1.      Under California Law, Manufactures May Label Their Products
                          With "Made in the USA" (or similar) Statements Even if the
11                        Products Contain Some Foreign Sourced Ingredients ...........................6

12               2.      Plaintiff's Fails to Plead Facts to Escape the Safe Harbors of
                          Section 17533.7.....................................................................................7

13

14               3.      Where There Are No Plausible Allegations That the Safe Harbors
                          Do Not Apply, All of Plaintiff's Claims Must Fail .............................9

15

16       B.      The Complaint Does Not Meet The Heightened Pleading Requirements
                  for Fraud Under Federal Rules of Civil Procedure, Rule 9(b).....................11

17       C.      No Violation of California Law Exists Because Any Alleged Foreign-
                  Sourced Ingredients Constitute Raw Materials...........................................12

18

19       D.      Plaintiff's Complaint Should be Dismissed in Whole or in Part Based On
                  Independent Deficiencies.............................................................................14

20               1.      No Reasonable Consumer Would be Deceived By the Front of
21                        Label Statements ................................................................................14

22               2.      Plaintiff's Claims for Equitable Relief Fail As A Matter of Law
                          Because There Is An Adequate Legal Remedy .................................15

23

24               3.      Plaintiff Lacks Standing to Pursue Injunctive Relief........................16

25               4.      Plaintiff's Claims Based on Products Other Than Those He
                          Purchased Should Be Dismissed........................................................17

26      V.      CONCLUSION.....................................................................................................19

27

28

**VENABLE LLP**
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

i

1

## **TABLE OF AUTHORITIES**

2

**Page(s)**

3

**Federal Cases**

4

*In re 5-Hour Energy Mktg. & Sales Pracs. Litig.*,
 No. MDL 13-2438 PSG, 2014 U.S. Dist. LEXIS 149732 (C.D. Cal. Sept. 4,

5

 2014) ...............................................................................................................18

6

*Alaei v. Kraft Heinz Food, Co.*,
 No. 15cv2961-MMA (DHB), 2016 U.S. Dist. LEXIS 63914 (S.D. Cal. Apr.

7

 22, 2016) .........................................................................................................19

8

*Alaei v. Rockstar, Inc.*,

9

 224 F. Supp. 3d 992 (S.D. Cal. 2016)....................................................7, 9, 11

10

*In re Apple Inc. Device Performance Litig.*,

11

 347 F. Supp. 3d 434 (N.D. Cal. 2018) ...............................................................5

12

*Arabian v. Organic Candy Factory*,
 No. 2:17-cv-05410-ODW-PLA, 2018 WL 1406608 (C.D. Cal. Mar. 19, 2018)...................11

13

*Ashcroft v. Iqbal*,

14

 556 U.S. 662 (2009).......................................................................................5, 7

15

*Banks v. R.C. Bigelow, Inc.*,

16

 536 F. Supp. 3d 640 (C.D. Cal. May 3, 2021) .................................................13

17

*Barber v. Nestle USA, Inc.*,
 154 F. Supp. 3d 954 (C.D. Cal. 2015) ...............................................................9

18

*Baum v. J-B Weld Co.*,

19

 No. 19-cv-01718-EMC, 2020 WL 4923624 (N.D. Cal. Aug 21, 2020) ...............1, 9, 10

20

*Bauman v. Australian Gold, LLC*,

21

 No. 3:18-cv-1682-L-BGS, 2019 WL 2329885 (S.D. Cal. May 31, 2019) ............19

22

*Bowring v. Sapporo U.S.A., Inc.*,
 234 F. Supp. 3d 386 (E.D.N.Y. 2017) ..............................................................14

23

*Cho v. Hyundai Motor Co., Ltd.*,

24

 636 F. Supp. 3d 1149 (C.D. Cal. Oct. 21, 2022)...............................................18

25

*Conservation Force v. Salazar*,

26

 646 F.3d 1097 (9th Cir. 2011) ...........................................................................5

27

*Cooper v. Pickett*,
 137 F.3d 616 (9th Cir. 1997) ..............................................................................2

28

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

MCCORMICK'S MOTION TO DISMISS

*VENABLE LLP*
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

*Davidson v. Kimberly-Clark Corp.*,
   889 F.3d 956 (9th Cir. 2018) ..................................................................17

*Davis v. HSBC Bank Nev., N.A.*,
   691 F.3d 1152 (9th Cir. 2012) ................................................................13

*DZ Reserve v. Meta Platforms, Inc.*,
   96 F.4th 1223 (9th Cir. 2024) ...........................................................16, 17

*Fernandez v. Atkins Nutritionals, Inc.*,
   No. 3:17-cv-01628-GPC-WVG, 2018 WL 280028 (S.D. Cal. Jan. 3, 2018) ..........................17

*In re Finjan Holdings, Inc.*,
   58 F.4th 1048 (9th Cir. 2023) ................................................................13

*Fitzpatrick v. Tyson Foods, Inc.*,
   No. 2:16-cv-00058-JAM-EFB, 2016 WL 539595 (E.D. Cal. Sept. 27, 2016),
   aff'd, 714 F. App'x 797 (9th Cir. 2018) ...................................6, 7, 9, 10

*Flodin v. Cent. Garden & Pet Co.*,
   No. 21-cv-01631-JST, 2023 WL 3607278 (N.D. Cal Mar. 9, 2023) ...........................7, 8, 10

*Gibson v. Jaguar Land Rover N. Am., LLC*,
   No. CV 20-00769-CJC(GJSx), 2020 WL 5492990 (C.D. Cal. Sept. 9, 2020) ..................16

*Gomez v. Jelly Belly Candy Co.*,
   No. EDCV 17-00575-CJC (FFM), 2017 WL 8941167 (C.D. Cal. Feb. 9, 2022) ................15

*Hass v. Citizens of Human., LLC*,
   No. 14-CV-1404 JLS (WVG), 2016 WL 7097870 (S.D. Cal. Dec. 6, 2016) ...................7, 10

*Height St. Skilled Care, LLC v. Liberty Mut. Ins. Co.*,
   No. 1:21-cv-01247-JLT-BAK (BAM), 2022 WL 1665220 (E.D. Cal. May 25, 2022) ..........15

*California ex rel. Heryford v. First Premier Bank*,
   No. 2:16-cv-00470-TLN-EFB, 2018 WL 3197907 (E.D. Cal. June 26, 2018) ................11

*Hodges v. King's Hawaiian Bakery West Inc.*,
   No. 21-cv-04541-PJH, 2021 WL 5178826 (N.D. Cal. Nov. 8, 2021) .......................14

*Hood v. Handi-Foil Corp.*,
   No. 24-cv-02373-RS, 2024 WL 4008711 (N.D. Cal. Aug. 29, 2024)................1, 7, 8, 10

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) ..............................................................5, 11

*Maeda v. Kennedy Endeavors, Inc.*,
   407 F. Supp. 3d 953 (D. Haw. 2019) .....................................................14

*Marder v. Lopez*,
   450 F.3d 445 (9th Cir. 2006) ............................................................................13

*McCausland v. PepsiCo, Inc.*,
   No. 23-cv-04526-PCP, 2025 WL 722444 (N.D. Cal. Mar. 6, 2025).....................17

*McCracken v. KSF Acquisition Co.*,
   No. 5:22-cv-01666-SB-SHK, 2022 WL 18932849 (C.D. Cal. Dec. 15, 2022) ......18

*Missaghi v. Apple, Inc.*,
   No. CV-13-02003 GAF, 2013 WL 12203021 (C.D. Cal. May 31, 2013) ..............18

*Morales v. Trans World Airlines, Inc.*,
   504 U.S. 374 (1992) ......................................................................................15

*Nelson v. MillerCoors, LLC*,
   246 F. Supp. 3d 666 (E.D.N.Y. 2017) ..............................................................14

*Rhynes v. Stryker Corp.*,
   No. 10-5619 SC, 2011 WL 2149095 (N.D. Cal. May 31, 2011).........................16

*Salameh v. Tarsadia Hotel*,
   726 F.3d 1124 (9th Cir. 2013) ..........................................................................5

*Schroeder v. United States*,
   569 F.3d 956 (9th Cir. 2009) ...........................................................................15

*Sonner v. Premier Nutrition Corp.*,
   971 F.3d 834 (9th Cir. 2020) ...........................................................................15

*Steinberg v. Icelandic Provisions Inc.*,
   No. 21-cv-05568-EMC, 2022 WL 220641 (N.D. Cal. Jan. 25, 2022)..................14

*Town of Chester N.Y., v. Laroe Estates, Inc.*,
   581 U.S. 433 (2017)........................................................................................19

*TransUnion LLC v. Ramirez*,
   594 U.S. 413 (2021)........................................................................................18

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ....................................................................5, 11

*Watson v. Crumbl LLC*,
   736 F. Supp. 3d 827 (E.D. Cal. 2024) ..............................................................16

*Wilson v. Frito-Lay N. Am. Inc.*,
   961 F. Supp. 2d 1134 (N.D. Cal. 2013) ............................................................19

*Wong v. lovate Health Sciences U.S.A., Inc.*, No. 2:24-cv-00901-DAD-CKD,
   2025 WL 821451 ............................................................................................15

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

MCCORMICK'S MOTION TO DISMISS

*Yellowcake, Inc. v. Morena Music, Inc.*,
   522 F. Supp. 3d 747 (E.D. Cal. 2021)..................................................................10

*In re ZF-TRW Airbag Control Units Prods. Liab. Litig.*,
   601 F. Supp. 3d 625 (C.D. Cal. Feb. 9, 2022) ....................................................15

**California Cases**

*Benson v. Kwikset Corp.*,
   152 Cal. App. 4th 1254 (2007) ..................................................................2, 12

*Cal-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*,
   20 Cal. 4th 163 (1999) .............................................................................9

*Colgan v. Leatherman Tool Group, Inc.*,
   135 Cal. App. 4th 663 (2006) ......................................................................12

**Federal Statutes**

Consumer Legal Remedies Act ("CLRA").......................................................... *passim*

**California Statutes**

Cal. Bus. & Prof. Code
   §§ 17200 *et seq*. ..................................................................................4
   §§ 17500 *et seq*. ..................................................................................5
   § 17533.7...................................................................................... *passim*
   § 17533.7(a) .......................................................................................6
   § 17533.7(b)-(c) ...............................................................................6, 7, 9

Cal. Civ. Code § 1750 *et seq*...........................................................................4

**Other Authorities**

Federal Rules of Civil Procedure, Rule 8 ................................................................16

Federal Rules of Civil Procedure, Rule 8(a).............................................................2

Federal Rules of Civil Procedure, Rule 9(b)........................................................2, 5, 11, 12

Federal Rules of Civil Procedure, Rule 11 .............................................................13

Federal Rules of Civil Procedure, Rule 12(b)(6) ....................................................2, 5, 13

United States Constitution Article III .............................................................3, 18, 19

**VENABLE LLP**
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

In this putative class action, Plaintiff Darnell McCoy ("Plaintiff") alleges that McCormick & Company, Inc. ("McCormick") deceived consumers by using the words "Crafted and Bottled in Springfield, MO, USA," in tiny print on the back label of certain French's mustard products (the "Products"). Plaintiff does not dispute that the Products are in fact prepared and bottled in Springfield, MO. Instead, he argues that this statement runs afoul of state and federal statutes governing the use of "Made in the USA" or substantially similar terms because some of the raw ingredients in the Products—specifically, mustard seed and turmeric—allegedly do not originate from the United States. Based on those purported violations, Plaintiff brings claims under various California statutory and common laws.

The fundamental problem for Plaintiff is that the California Legislature has enacted statutory safe harbors specifying circumstances in which such statements can be made without violating the law. Specifically, Section 17533.7 of the California Business and Professions Code expressly permits manufactures to label products as "Made in the USA" or with similar language *even if the product contains some foreign ingredients*, so long as those ingredients comprise a small percentage of the final wholesale value of the product. As courts have repeatedly held, where a plaintiff, like Plaintiff here, fails to plausibly plead that a product's supposed foreign components are outside the safe harbor percentages explicitly permitted by Section 17533.7, the entirety of Plaintiff's claims arising from the same labeling fail. *Hood v. Handi-Foil Corp.*, No. 24-cv-02373-RS, 2024 WL 4008711, at *3 (N.D. Cal. Aug. 29, 2024) (dismissing claims because plaintiff fails to allege facts with specificity that safe harbors do not apply, and "since Section 17533.7 bars [plaintiff's] claims, 'no state law claim will lie to the extent it arises out of the same conduct.'") (citing *Flodin v. Cent. Garden & Pet Co.,* No. 21-cv-01631-JST, 2023 WL 3607278, at *2 (N.D. Cal Mar. 9, 2023)); *Baum v. J-B Weld Co.*, No. 19-cv-01718-EMC, 2020 WL 4923624, at *3 (N.D. Cal. Aug 21, 2020) ("[W]here there is no viable claim under § 17533.7, the California legislature has determined that 'no action should lie.'") (citation omitted). For this reason alone, Plaintiff's Complaint must be dismissed.

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

1    But Plaintiff's Complaint deserves dismissal for other reasons too. For example, given that

2    Plaintiff's claims sound in fraud, the Complaint must satisfy the traditional plausibility standards

3    of Rules 8(a) and 12(b)(6), *as well as the heightened pleading requirements of Rule 9(b)* of the

4    Federal Rules of Civil Procedure. It is well settled that Rule 9(b) does not permit allegations on

5    information and belief and yet, the entire Complaint is couched "upon information and belief" (*see*

6    Dkt. 1, Compl. ¶ 4), as is the central allegation against McCormick (*see e.g.*, *id.* ¶ 42 ("upon

7    information and belief, the Products consist of foreign components")). If Plaintiff does not have a

8    factual basis to make his claims, he should dismiss his Complaint, and the federal rules do not

9    permit him to file claims sounding in fraud and see if there is any factual basis for them later. Rule

10   9(b) also dooms other aspects of the Complaint in the alternative. Plaintiff contends he purchased

11   three different French's mustard products but only explains when and where one purchase took

12   place. And despite his supposed purchase of three products, the Complaint attempts to lump

13   together an unspecified number of additional products without even stating what products are at

14   issue, what ingredients are purportedly from foreign sources, the country-of-origin for such

15   ingredients, or what percentage of the finished product those ingredients make up. Plaintiff's

16   shotgun pleading falls woefully short of the Ninth Circuit's mandate that his allegations must

17   specifically include the "'who, what, when, where, and how'" of the circumstances on which the

18   claims are predicated. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997).

19   *Next*, Plaintiff complains that certain ingredients are "grown" outside of the United States

20   but cannot explain how such an allegation could state a cause of action given that the statutes on

21   which he bases his claims do not apply to raw materials. *Benson v. Kwikset Corp.*, 152 Cal. App.

22   4th 1254, 1272 (2007) ("[O]ne would not violate [Section 17533.7] by making, manufacturing, or

23   producing merchandise solely in the United States even though using raw materials acquired from

24   a foreign source.").

25   *Fourth*, and in the alternative, the Complaint must be dismissed or narrowed on additional

26   grounds:

27

28

2

- Plaintiff's claims for equitable relief (UCL, CLRA, FAL, and Unjust Enrichment claims) fail as a matter of law because he concedes that he has adequate remedies by seeking monetary damages.

- Plaintiff lacks Article III standing to pursue claims for prospective injunctive relief because he is not at risk of future harm given his current belief that mustard seed is a "substantial" ingredient in the Products, "is sourced primarily, if not exclusively, from Canada" (Compl. ¶ 44), and is "not found domestically" (*id*. ¶ 42).

- Plaintiff lacks Article III standing to bring claims for products he did not personally purchase. He logically was not harmed by the supposed false advertising on those products, and he has failed to allege any facts (*e.g.*, what ingredients are foreign sourced; from what country; what amount of each product the ingredients make up; which products contain which foreign sourced ingredients, etc.) establishing those products are substantially similar to the products he did purchase.

Plaintiff's Complaint should be dismissed in its entirety. And given Plaintiff's refusal to amend the Complaint following the parties' meet and confer efforts, it should be dismissed without leave to amend. In the alternative, his claims should be considerably narrowed.

## II.   **BACKGROUND**

McCormick is an American-based food company with a portfolio of household consumer brands. One such brand is French's mustard. French's mustards are prepared and bottled at a facility in Springfield, MO.

Plaintiff is a citizen of California who allegedly purchased French's Dijon Mustard made with Chardonnay through the Walmart mobile application on or about April 11, 2023. *See* Compl. ¶ 51. Plaintiff contends that he previously purchased French's Honey Dijon Mustard and French's Yellow Mustard, but provides no other allegations about those supposed purchases (including when or where such purchases were made). *Id.* ¶ 57. Plaintiff does not contest that the Products were prepared and bottled in Springfield, MO. Nonetheless, he alleges that he was deceived by the words "Crafted and Bottled in Springfield, MO" in tiny letters on the back of the mustard products

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

and provides the following image of the allegedly deceptive language he supposedly relied upon in making his purchase:



*Id.* ¶ 39. Plaintiff additionally alleges that "some bottles" also state "American Flavor in a Bottle," reinforcing the back of the bottle claim. *Id.* ¶ 58. The Complaint does not explain which bottles contain that phrase or how any consumer would understand that phrase to independently convey a "Made in the USA" representation.

Plaintiff contends the "Crafted and Bottled in the Springfield, MO" statement is false or misleading because, "upon information and belief, the Products consist of foreign components[.]" Compl. ¶ 42. Such belief is primarily based on two YouTube videos that Plaintiff viewed and that suggest mustard seed is commonly grown in Canada. *Id.* ¶ 44, n. 4. "On information and belief," Plaintiff also alleges that McCormick "charged a [price] premium for its Products compared to its competitors."[1] *Id.* ¶ 50.

Based on these allegations, Plaintiff brings claims for (1) Violation of the Consumer Legal Remedies Act ("CLRA") (Cal. Civ. Code § 1750 *et seq.*) (*See* Compl. ¶¶ 92-115); (2) Violation of Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200 *et seq.*) (*id.* ¶¶ 116-158); (3) Violation

---

[1] Plaintiff contends he spent $3.42 on the French's Dijon Mustard product from Walmart. Compl. ¶ 56. He does not state what price he paid for the other Products he allegedly purchased. *See e.g.*, *id.* ¶ 57.

1  of False Advertising Law (Cal. Bus. & Prof. Code §§ 17500 *et seq*.) (*id*. ¶¶ 159-165); (4) Breach

2  of Express Warranty (*id*. ¶¶ 166-176); (5) Unjust Enrichment (*id*. ¶¶ 177-191); (6) Negligent

3  Misrepresentation (*id*. ¶¶ 192-198); and (7) Intentional Misrepresentation (*id*. ¶¶ 199-207).

4  ### III.    LEGAL STANDARD

5          A motion to dismiss tests a complaint's legal sufficiency. Fed. R. Civ. P. 12 (b)(6).

6  Pursuant to Rule 12(b)(6), a complaint must be dismissed unless it "contain[s] sufficient factual

7  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

8  556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 500 U.S. 544, 570 (2007)).

9  Dismissal under Rule 12(b)(6) may be based on "lack of a cognizable legal theory or the absence

10 of sufficient facts alleged under a cognizable legal theory." *See Conservation Force v. Salazar*,

11 646 F.3d 1097, 1107 (9th Cir. 2011) (citation omitted).

12         Claims under the CLRA, UCL, and FAL that sound in fraud must also meet the

13 heightened pleading standard of Federal Rule of Civil Procedure 9(b). *See Kearns v. Ford Motor*

14 *Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009); *see also In re Apple Inc. Device Performance Litig.*,

15 347 F. Supp. 3d 434, 443 (N.D. Cal. 2018); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103

16 (9th Cir. 2003) (even where fraud is not an element of the claim, but it is alleged that the

17 defendant engaged in fraudulent conduct, heightened pleading standard applies). Rule 9(b)

18 requires a party alleging fraud or mistake to state with particularity the circumstances

19 constituting fraud or mistake. Fed. R. Civ. P. 9(b). To satisfy this standard, the "complaint must

20 identify the who, what, when, where, and how of the misconduct charged, as well as what is false

21 or misleading about the purportedly fraudulent statement, and why it is false." *Salameh v.*

22 *Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (citation and internal quotation marks

23 omitted). If the factual allegations do not meet the heightened pleading standard, the "averments

24 . . . should be 'disregarded,' or 'stripped' from the claim for failure to satisfy Rule 9(b)." *Kearns*,

25 567 F.3d at 1124 (citation omitted).

26

27

28

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

IV.    **ARGUMENT**

A.    **The Court Should Dismiss Plaintiff's Complaint in Full Because He Fails to Plead a Viable Claim Under California Law Given Section 17533.7's Safe Harbors.**

The fundamental problem for Plaintiff is that his Complaint fails to plead sufficient facts to show that the Products' labels actually violate California law. Because the Complaint is devoid of any facts to support the allegation that McCormick has violated the so-called "Made in the USA" statutes, the entirety of his Complaint fails.

1.    **Under California Law, Manufacturers May Label Their Products With "Made in the USA" (or similar) Statements Even if the Products Contain Some Foreign Sourced Ingredients.**

California law specifically addresses when a product may bear a "Made in the USA" claim (or, in this instance, a "Crafted" in USA claim). Section 17533.7 prohibits such claims "if the merchandise or any article, unit, or part thereof, has been entirely or substantially made, manufactured, or produced outside of the United States." Cal. Bus. & Prof. Code § 17533.7(a). As originally enacted in 1961, the statute created a "strict prohibition on domestic origin labeling" if the advertised product contained any degree of foreign components. *Fitzpatrick v. Tyson Foods, Inc.*, No. 2:16-cv-00058-JAM-EFB, 2016 WL 539595, at *2 (E.D. Cal. Sept. 27, 2016), aff'd, 714 F. App'x 797 (9th Cir. 2018).

However, the statute was amended in 2016 to establish two statutory safe harbor thresholds to allow such labeling even if the products contain some foreign-sourced materials. *See* Cal. Bus. & Prof. Code § 17533.7(b)-(c); *see also* Sen. Comm. On Judiciary, Analyses of Sen. Bill No. 633 (2015-2016 Reg. Sess.) Aug. 13, 2015, p. 5 (explaining that the original statute was "an unrealistic threshold for many modern companies that manufacture products with many different components, some of which may not be available domestically"). Thus, under current law, a product may lawfully be advertised with a "Made in the USA" or similar representation despite the presence of certain foreign components, if those components constitute:

- No more than 5% of the final wholesale value of the product; or
- No more than 10% of the final wholesale value of the product, if the foreign components cannot be produced or obtained within the United States.

1    Cal. Bus & Prof. Code § 17533.7(b)-(c).

2        **2.    Plaintiff Fails to Plead Facts to Escape the Safe Harbor of
         Section 17533.7.**

3

4        Plaintiff fails to plead any viable cause of action because he does not adequately allege

5    that the Products' labels fall outside of Section 17533.7's safe harbors. To avoid the safe harbors

6    of that statute, a plaintiff must do more than provide "a 'formulaic recitation of the elements of a

7    cause of action.'" *Ashcroft*, 556 U.S. at 678 (citation omitted). Instead, Plaintiff must "specify . .

8    . what percentage of Defendant['s] products are comprised of foreign-sourced ingredients." *Alaei*

9    *v. Rockstar, Inc.*, 224 F. Supp. 3d 992, 1000 (S.D. Cal. 2016).

10       Plaintiff has failed to do so.[2] Plaintiff fails to present any facts regarding the amount of

11   mustard seed or turmeric (or any other ingredient) in the Products, the costs of those raw

12   ingredients, or the portion of the overall wholesale value of the Products that those ingredients

13   make up. Courts routinely dismiss identical deficient pleadings in this context. *See e.g.*, *Hood*,

14   2024 WL 4008711, at *3 (dismissing complaint because "generalized averments that 'parts of

15   Defendants' products obtained from outside the United States constitute more than 10 percent of

16   the final wholesale value of the manufactured products' are insufficient and vague"); *Flodin*,

17   2023 WL 3607278, at *1-2 (failure to state a claim where plaintiff did not provide any plausible

18   allegations about the specific percentage of the allegedly foreign sourced ingredient, whether by

19   value, weight, or any other metric); *Fitzpatrick*, 2016 WL 5395955, at *4 ("Because [Plaintiff's]

20   complaint does not include any allegations regarding the percentage of foreign sourced materials

21   contained in Defendant's products, . . . Plaintiff has failed to adequately allege a violation.");

22   *Alaei*, 224 F. Supp. 3d 992 (dismissing claims because plaintiff failed to include specific

23   allegations about the percentage of foreign sourced ingredients in the accused products); *see also*

24   *Hass v. Citizens of Human., LLC*, No. 14-CV-1404 JLS (WVG), 2016 WL 7097870, at *4 (S.D.

25   Cal. Dec. 6, 2016) ("Plaintiff's various allegations that Defendant's products incorporate foreign

26   materials are simply conclusory," and are "insufficient to raise a plausible inference that these

27

28   [2] Plaintiff's allegations apparently concede that the 10% limit in Section 17533.7(c) applies,
     given his allegation that the alleged "foreign components" are "not found domestically." Compl.
     ¶ 42.

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

1   materials constitute more than five or ten percent of the total wholesale value as required by [the

2   statute].")[3].

3       *Hood* is instructive. There, the plaintiff brought claims under California's consumer

4   protection statutes, for breach of the express and implied warranties, and unjust enrichment,

5   predicated on alleged violations of Section 17533.7 and the federal statute governing country-of-

6   origin claims. *Hood*, 2024 WL 4008711, at *1. The plaintiff alleged that the defendant's

7   aluminum pans and containers were falsely labeled with "Made in the USA," because they

8   contained "significant foreign bauxite content." *Id.* Nonetheless, the court dismissed all of the

9   plaintiff's claims because of her failure to include specific factual averments to suggest the

10  products fell outside of the safe harbor described in Section 17533.7(c). *Id.* at *2-3 ("The

11  complaint offers no basis to support the greater-than-10 percent claim, and her mere legal

12  conclusions to this point do not constitute factual averments such that 9(b) is satisfied."). In

13  reaching its conclusion, the court explained that the complaint contained no facts about the cost

14  of bauxite, the process of manufacturing the products, from where the bauxite is derived, and the

15  amount of bauxite comprising the products. *Id.* at *2.

16      The court reached the same conclusion in *Flodin*, wherein the only allegations the

17  plaintiff provided regarding the allegedly foreign sourced ingredient was that it made up a

18  "significant percentage" of the products and was listed seventh amongst the top ten ingredients

19  on the product's packaging. *Flodin*, 2023 WL 3607278, at *1. The court could not reasonably

20  infer that the products fell outside of the statute's safe harbor, and therefore, held that the

21  plaintiff failed to plausibly allege the safe harbor was exceeded. *Id.* at *2.

22      The same result is warranted here. Plaintiff has failed to present any facts about the

23  percentage of mustard seed and/or turmeric contained in the Products; no allegations regarding

24  the cost of those ingredients; and no allegations regarding the wholesale value of those

25

26  ---

    [3] Nor can Plaintiff save his claim by relying on his conclusory allegations that the Products
    contain a "substantial" amount of foreign sourced materials. *See e.g.*, *Flodin*, 2023 WL 3607278,
27  at *1-2 (Even if the court accepted plaintiff's allegations that the foreign-sourced ingredient was
    a predominant ingredient in the accused products, thereby making up a significant percentage,
28  the complaint "fail[ed] to raise 'more than a sheer possibility'" that defendants acted outside the
    scope of Section 17533.7's safe harbor.) (citation omitted).

ingredients in the Products. Plaintiff has simply failed to plead sufficient facts to establish that his claims can escape the safe harbor provisions enacted by the California Legislature in Section 17533.7(b)-(c). His failure to do so is fatal to his Complaint.

### 3. Where There Are No Plausible Allegations That the Safe Harbors Do Not Apply, All of Plaintiff's Claims Must Fail.

It is well settled under the safe-harbor doctrine that plaintiffs may not sidestep legislative determinations by manufacturing state law claims against defendants whose conduct complies with such statutory safe harbors. *See Cal-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 182 (1999). According to the Supreme Court of California, "[i]f the Legislature has permitted certain conduct or considered a situation and concluded no action should lie, courts may not override that determination." *Id.* Thus, "[w]hen specific legislation provides a 'safe harbor,' plaintiffs may not use the general unfair competition law to assault the harbor." *Id.* "Courts may not simply impose their own notions of the day as to what is fair or unfair" where the Legislature has spoken. *Id*; *see also id.* ("Specific legislation may limit the judiciary's power to declare conduct unfair.").

Here, "[t]he California Legislature amended §17533.7 to prohibit origin labels in some circumstances and not in others, evidently concluding that no action should lie in the latter situation." *Fitzpatrick*, 2016 WL 5395955, at *5. Allowing plaintiffs to pursue general California state-law claims when they are unable to state a claim under the statute would allow them "to attack conduct which the legislature has thoughtfully considered and deemed lawful." *Alaei*, 224 F. Supp. 3d at 1001; *see also Barber v. Nestle USA, Inc.*, 154 F. Supp. 3d 954 (C.D. Cal. 2015) (judicial application of California's consumer protection law could not override the safe harbor codified in the statute at issue because "that is precisely the sort of legislative second-guessing that the safe harbor doctrine guards against."). Accordingly, "[i]f there is no violation of § 17533.7 and its safe harbor, no state law claim will lie to the extent it arises out of the same conduct." *Baum*, 2020 WL 4923624, at * 3.

For that reason, courts routinely dismiss claims under the CLRA, UCL, FAL, warranty, and other claims premised on country-of-origin labeling if plaintiff fails to allege facts to show

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

**VENABLE LLP**
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

1   the alleged conduct falls outside the safe harbors of Section 17533.7. *See e.g.*, *Flodin*, 2023 WL

2   3607278, at *2 (dismissing plaintiffs' claims under the CLRA, UCL, and FAL, and unjust

3   enrichment and restitution claims because "[p]laintiffs have failed plausibly to allege that 'the []

4   safe-harbor limit' of Section 17533.7 'was exceeded'" and "'no state law claim will lie to the

5   extent it arises out of the same conduct'") (citation omitted); *Fitzpatrick*, 2016 WL 5395955, at

6   *4-5 (dismissing both of plaintiff's causes of action under the UCL and CLRA where violation

7   of California's "Made in the USA" statute served as the predicate for each); *Baum*, 2020 WL

8   4923624, at *4 (the statute's safe harbors were intended "to bar suits based on false 'Made in

9   USA' claims for merchandise falling within that safe harbor," and thus, "[t]here is no reason to

10  believe that bar does not apply to *all* California laws addressing this subject, including the

11  UCL.").

12      Here, all of Plaintiff's claims are based on the same conduct—McCormick's advertising

13  and labeling of its Products with allegedly false country-of-origin representations. Accordingly,

14  because Plaintiff has failed to sufficiently plead that the alleged conduct is not protected by

15  Section 17533.7's safe harbors, all of Plaintiff's claims fail.[4] *See e.g.*, *Fitzpatrick*, 2016 WL

16  5395955, at *5; *Hass*, 2016 WL 7097870, at *4-5 ("[U]nder California's safe harbor doctrine,

17  Plaintiff's [failed] claim that Defendant violated §17533.7 forecloses" plaintiff's UCL claim

18  based on "unfair" business practices, and CLRA claim predicated on Section 1770, because both

19  claims focused on the same alleged misconduct that formed the basis of plaintiff's

20  Section 17533.7 claim.); *see also Yellowcake, Inc. v. Morena Music, Inc.*, 522 F. Supp. 3d 747,

21  772 (E.D. Cal. 2021) ("When the underlying legal claim that supports a UCL cause fails,

22  however, 'so too will the derivative UCL claim.'") (citation omitted); *Hood*, 2024 WL 4008711,

23  at *1, *3 (dismissing plaintiff's claims under the UCL, FAL, and CLRA, breach of express and

24  implied warranties and unjust enrichment, for failure to adequately plead a violation of

25  _____

26  [4] Nor can Plaintiff salvage his claims by asserting that they are predicated on distinct violations, such as under the Federal Trade Commission regulations. *See e.g.*, *Baum*, 2020 WL 4923624, at

27  *4 ("[E]ven if Plaintiff could prove a violation of the FTC Act [] by showing that the foreign content of Defendant's products exceeded the 'all or virtually all' federal standard, no UCL

28  claim would lie unless Plaintiff could show that the foreign content exceeded the [safe harbors]" under Cal. Bus. & Prof. Code § 17533.7).

1    Section 17533.7.).

2        Accordingly, the Court should dismiss Plaintiff's Complaint in full and with prejudice

3    because Plaintiff has failed to sufficiently allege facts that escape the safe harbor provisions

4    under California law.

5    **B.    The Complaint Does Not Meet the Heightened Pleading Requirements for**
     **Fraud Under Federal Rules of Civil Procedure, Rule 9(b).**

6

7        Rule 9(b) applies to Plaintiff's claims that in any way sound in fraud. *Kearns*, 567 F.3d at

8    1125 ("Rule 9(b)'s particularity requirement applies to these [false advertising] state-law causes

9    of action."); *Vess*, 317 F.3d 1097 (Rule 9(b) applies to CLRA, UCL, and FAL claims sounding

10   in fraud); *Alaei*, 224 F. Supp. 3d at 999 ("[C]laim for violation of Section 17533.7 is 'grounded

11   in fraud,' [and] therefore[,] Rule 9(b)'s heightened pleading standard applies.").

12       Here, as a threshold issue, Plaintiff couches his entire complaint "upon information and

13   belief" or at least fails to state which allegations are based on true facts, as opposed to

14   information and belief. *See* Compl. ¶ 4. This alone renders the entirety of his complaint deficient.

15   Additionally, the central allegation in the Complaint—that the Products contain foreign sourced

16   materials—is repeatedly alleged on "information and belief." *See id.* ¶¶ 4, 42, 50, 76. Such

17   claims fail to satisfy Rule 9(b) as a matter of law. *See e.g.*, *California ex rel. Heryford v. First*

18   *Premier Bank*, No. 2:16-cv-00470-TLN-EFB, 2018 WL 3197907, at *3 (E.D. Cal. June 26,

19   2018) ("[T]he Ninth Circuit has 'explained that allegations of fraud based on information and

20   belief usually do not satisfy the particularity requirements under rule 9(b)'.") (quoting *Moore v.*

21   *Kayport Package Express, Inc.*, 885 F.2d 531, 54 (9th Cir. 1989)); *Arabian v. Organic Candy*

22   *Factory*, No. 2:17-cv-05410-ODW-PLA, 2018 WL 1406608, at *3 (C.D. Cal. Mar. 19, 2018)

23   ("'It is well settled that fraud allegations based on "information and belief" do not satisfy the

24   particularity requirement of Rule 9(b) unless the complaint sets forth the facts on which the

25   belief is founded.") (citation omitted).

26       Second, Plaintiff purports to challenge "Crafted and Bottled in Springfield, MO, USA,"

27   but consistently groups in "other derivatives," or "synonymous" representations, without alleging

28   what those representations are. *See e.g.*, Compl. ¶¶ 6, 24, 35, 40. Plaintiff further fails to identify

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

which representations appear on which of the challenged Products and/or the locations of those representations on the Products' labeling.

Finally, Plaintiff claims to have "previously purchased other French's products, including, but not limited to, French's Honey Dijon Mustard and French's Yellow Mustard," (*see* Compl. ¶ 57), without providing:

- What products Plaintiff supposedly purchased and how they were labeled;
- When Plaintiff made the alleged purchases; and
- What statement(s) Plaintiff relied upon in making his supposed purchases.

Rule 9(b) exists precisely to prevent the sorts of conclusory and unsupported allegations Plaintiff provides in his Complaint. McCormick cannot reasonably ascertain the scope of Plaintiff's claims and the relief sought, and thus, Plaintiff's claims should be dismissed.

**C.    No Violation of California Law Exists Because Any Alleged Foreign Sourced Ingredients Constitute Raw Materials.**

For independent reasons, the Court should dismiss the Complaint because Plaintiff does not state any facts to establish that any of the purported foreign ingredients are not raw materials. "[O]ne would not violate the statute by making, manufacturing, or producing merchandise solely in the United States even though using *raw materials* acquired from a foreign source." *Benson*, 152 Cal. App. 4th at 1272 (emphasis added). This is because "section 17533.7 regulates the use of 'Made in U.S.A.' and similar labeling *only on* merchandise that is 'made, manufactured, or produced.'" *Id.* at 1271 (emphasis added). The terms "made," "manufacture," and "process" "describe the *physical* process of transforming raw materials into goods." *Colgan v. Leatherman Tool Group, Inc.*, 135 Cal. App. 4th 663, 685 (2006) (emphasis in original); *see also Benson*, 152 Cal. App. 4th at 1271 (explaining that the terms "made" and "manufactured" "'cover almost everything which [human] skill . . . can make out of raw materials.'") (citation omitted). Thus, by definition, a raw material is not "made," "manufactured," or "processed" within the meaning of the statute.

Plaintiff alleges that the Products contain "foreign sourced, grown or manufactured ingredients." *See e.g.*, Compl. ¶ 125. He does not allege the ingredients are processed, prepared,

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

1   cooked, or otherwise altered before they are sent to Springfield, MO (when they are in fact

2   cooked and processed to create the Products). This failure to plausibly (and within Rule 11

3   obligations) plead such facts render Plaintiff's complaint defective. Mustard seed and turmeric

4   are raw ingredients in their natural state that logically must grow before they can exist. It is not

5   until after the ingredients are imported to the United States that they are given "new forms,

6   qualities, properties, or combinations, whether by hand or by machinery . . . ." such that they are

7   transformed from their raw state to make the final Products.[5] *See What Constitutes*

8   *Manufacturing and Who Is a Manufacturer Under Tax Laws*, 17 A.L.R. 3d 7, 23-24, nns.

9   omitted (196) (definition of manufacturing).

10          In fact, Plaintiff's own allegations supports this conclusion. Indeed, the YouTube link

11  Plaintiff provides in his Complaint (which is incorporated by reference) purports to explain how

12  French's mustard is made. *See* Compl. ¶ 44, n. 1 (Food Network, *How French's Mustard is*

13  *Made (from Unwrapped)*, YouTube (July 20, 2020)).[6] According to the information Plaintiff has

14  put before this Court in his Complaint, after the mustard seed is imported, more than 30 mustard

15  mills in the United States process the seeds to make the Products (e.g., the seeds are combined

16  with other ingredients/spices, ground up between two stone mills, and processed with state-of-

17  the-art machinery). *See id.* Accordingly, Plaintiff concedes that the Products are entirely made,

18  manufactured, and/or processed in the United States.

19

20  [5] McCormick expects Plaintiff to rely on *Banks v. R.C. Bigelow, Inc.*, 536 F. Supp. 3d 640 (C.D.
    Cal. May 3, 2021), wherein the court found the complaint contained plausible allegations that the
21  defendant processed the tea leaves in its tea bags solely outside of the United States. In *Banks*,
    however, the plaintiff alleged nearly thirteen paragraphs to describe where and how defendant
22  processed those tea leaves abroad. By contrast, Plaintiff does not—and cannot—provide such
    allegations here because defendant solely processes its Products in the United States.

23  [6] The Court may consider the materials linked in Plaintiff's Complaint, including the two
24  YouTube videos and McCormick's webpage, because they are incorporated by reference into the
    Complaint. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (acknowledging that a court
25  may consider extrinsic evidence that is incorporated in the complaint by reference). Under the
    incorporation-by-reference doctrine, "'a court may look beyond the pleadings without converting
26  the Rule 12(b)(6) motion into one for summary judgment.'" *Davis v. HSBC Bank Nev., N.A.*, 691
    F.3d 1152, 1160 (9th Cir. 2012) (citation omitted). In doing so, the court may reject any
27  allegations in the complaint that mischaracterize the referenced materials. *See In re Finjan*
    *Holdings, Inc.*, 58 F.4th 1048, 1052, n.1 (9th Cir. 2023) ("When a general conclusion in a
28  complaint contradicts specific facts retold in a document . . . incorporated by reference in the
    complaint . . . those specific facts are controlling.").

Because the Complaint contains no plausible allegations that mustard seed or any other ingredient is made, manufactured, or processed abroad, such that they are no longer raw materials prior to importation, Plaintiff fails to plead a viable cause of action.

### D.    Plaintiff's Complaint Should be Dismissed in Whole or in Part Based On Independent Deficiencies.

Plaintiff's claims and requests for relief suffer from additional, independent defects, that, at a minimum, require dismissal in part.

#### 1.    No Reasonable Consumer Would be Deceived By the Front of Label Statements.

The Complaint intentionally attempts to conflate the statement "American Flavor in a Bottle," which Plaintiff contends is on some Products (but not others), with the "Crafted and Bottled in Springfield, MO" statements. But, apparently recognizing that the former does not run afoul of the California and federal statutes governing "Made in the USA" and similar claims, he does not actually base any of his causes of action on this representation. *See* Compl. ¶¶ 103, 107-108, 124-125, 142, 167, 169, 193, 202. Instead, Plaintiff simply pleads that such a statement "reinforces" the claim he is actually challenging—"Crafted and Bottled in Springfield, MO." *See e.g.*, *id.* ¶ 136.

Plaintiff's vague pleading on this point is likely because it is well settled that claims such as "American Flavor in a Bottle," do not equate to origin claims and do not deceive reasonable consumers as a matter of law. *See e.g.*, *Steinberg v. Icelandic Provisions Inc.*, No. 21-cv-05568-EMC, 2022 WL 220641 (N.D. Cal. Jan. 25, 2022) (dismissing claims where skyr yogurt was described as "Icelandic Skyr"); *Hodges v. King's Hawaiian Bakery West Inc.*, No. 21-cv-04541-PJH, 2021 WL 5178826 (N.D. Cal. Nov. 8, 2021) (dismissing claims where rolls were described as "Hawaiian Rolls"); *Bowring v. Sapporo U.S.A., Inc.*, 234 F. Supp. 3d 386, 390-92 (E.D.N.Y. 2017) (dismissing claims where Sapporo beer claimed to be "the original Japanese beer"); *Maeda v. Kennedy Endeavors, Inc.*, 407 F. Supp. 3d 953 (D. Haw. 2019) (dismissing claims where potato chips' labels use the terms "Hawaiian" and "Sweet Maui Onion Rings"); *Nelson v. MillerCoors, LLC*, 246 F. Supp. 3d 666, 675 (E.D.N.Y. 2017) (dismissing claims where Foster's beer referred to as an "Australian beer brand").

14

Thus, to the extent Plaintiff attempts to bring any claims independently based on the front of label statement "American Flavor In a Bottle," no claim can lie.

### 2. Plaintiff's Claims for Equitable Relief Fail As A Matter of Law Because There Is An Adequate Legal Remedy.

The Court should also dismiss Plaintiff's equitable claims because Plaintiff admits that he has an adequate remedy at law. "It is a basic doctrine of equity jurisprudence that courts of equity should not act . . . when the moving party has an adequate remedy at law." *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 381 (1992) (internal quotation marks and citation omitted); *see also Schroeder v. United States*, 569 F.3d 956, 963 (9th Cir. 2009) ("[E]quitable relief is not appropriate where an adequate remedy at law exists."). Plaintiff's CLRA, UCL, FAL, and unjust enrichment claims are all equitable in nature. For example, under the UCL, the only potential remedies are restitution and injunctive relief, "and thus only available if a plaintiff lacks an adequate remedy at law." *Height St. Skilled Care, LLC v. Liberty Mut. Ins. Co.*, No. 1:21-cv-01247-JLT-BAK (BAM), 2022 WL 1665220, at *7 (E.D. Cal. May 25, 2022) (Thurston, J.) (dismissing equitable claims). As such, Plaintiff cannot proceed with these claims without "explain[ing] why money damages are not an adequate remedy." *In re ZF-TRW Airbag Control Units Prods. Liab. Litig.*, 601 F. Supp. 3d 625, 768-70 (C.D. Cal. Feb. 9, 2022); *see also Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020) (Plaintiff "must establish [he] lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL and CLRA."); *Gomez v. Jelly Belly Candy Co.*, No. EDCV 17-00575-CJC (FFM), 2017 WL 8941167, at *2 (C.D. Cal. Feb. 9, 2022) (dismissing claims under the UCL, FAL, and CLRA to the extent it seeks equitable relief because "[t]here is nothing in the [complaint] to suggest that monetary damages would not make Plaintiff or the putative class whole").

Here, Plaintiff makes no attempt to plead that his remedies at law are inadequate. *See Wong v. lovate Health Sciences U.S.A., Inc.*, No. 2:24-cv-00901-DAD-CKD, 2025 WL 821451, at *4 ("'[C]ourts generally require plaintiffs seeking equitable relief to allege some facts suggesting that damages are insufficient to make them whole.'") (citation omitted). Indeed, Plaintiff admits that adequate remedies at law exist because he seeks monetary damages under

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

1   the CLRA, his claim for breach of express warranty and generally in his prayer for relief. *See*

2   Compl. ¶¶ 173, 176, Prayer for Relief. Further, Plaintiff consistently alleges that he and the Class

3   "lost money or property" due to McCormick's alleged misconduct (Compl. ¶ 147). *See Gibson v.*

4   *Jaguar Land Rover N. Am., LLC*, No. CV 20-00769-CJC(GJSx), 2020 WL 5492990, at *3 (C.D.

5   Cal. Sept. 9, 2020) (Plaintiff cannot "bring equitable claims," where he "repeatedly alleges that

6   he and the putative class 'lost money or property' as a result of [defendant's] wrongful

7   conduct."). Accordingly, Plaintiff cannot secure equitable relief because the Complaint contains

8   "nothing . . . to suggest that monetary damages would not make Plaintiff or the putative class

9   whole." *Id.*

10        Nor can Plaintiff salvage his equitable claims by arguing he pled them in the alternative.

11   *See Watson v. Crumbl LLC*, 736 F. Supp. 3d 827, 840 (E.D. Cal. 2024) (acknowledging that,

12   while Federal Rules of Civil Procedure, Rule 8 allows Plaintiffs to plead in the alternative,

13   "[p]laintiffs must at a minimum allege they have no adequate remedy at law, even at the motion

14   to dismiss stage."). Thus, "[w]here the claims pleaded by a plaintiff *may* entitle her to an

15   adequate remedy at law, equitable relief is unavailable." *Rhynes v. Stryker Corp.*, No. 10-5619

16   SC, 2011 WL 2149095, at *4 (N.D. Cal. May 31, 2011).

17        Plaintiff's equitable claims under the CLRA, UCL, and FAL, and unjust enrichment and

18   all prayers for equitable relief should therefore be dismissed without leave to amend.

19          **3.**     **Plaintiff Lacks Standing to Pursue Injunctive Relief.**

20        Plaintiff lacks standing to pursue injunctive relief because there is no risk that he will

21   suffer the same injury in the future now that he has brought suit and believes that the product

22   contains foreign sourced materials. *See DZ Reserve v. Meta Platforms, Inc.*, 96 F.4th 1223, 1240

23   (9th Cir. 2024) ("[T]o establish standing for injunctive relief, a plaintiff must show that [he] is

24   under threat of suffering injury in fact that is concrete and particularized[,] [and] the threat must

25   be actual and imminent, not conjectural or hypothetical.") (internal quotation marks and citation

26   omitted). In the consumer fraud context, the Ninth Circuit has held that "plaintiffs can satisfy the

27   imminent injury requirement by showing they will be unable to rely on the product's advertising

28   or labeling in the future, and so will not purchase the product although they would like to." *Id.*

16

(quoting *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 970 (9th Cir. 2018)). It is insufficient for a plaintiff seeking injunctive relief to simply allege a continued desire or intent to purchase the product(s) in the future—he must also include plausible allegations that he will be unable to "rely on the validity of the information advertised." *Davidson*, 889 F.3d at 967; *see also McCausland v. PepsiCo, Inc.*, No. 23-cv-04526-PCP, 2025 WL 722444 (N.D. Cal. Mar. 6, 2025) (dismissing plaintiffs' request for injunctive relief for lack of standing, even where plaintiffs alleged an intent to purchase the products in the future, because plaintiffs could not reasonably claim they would be harmed in the future).

Here, Plaintiff alleges that he "wants to purchase the [] Products again but cannot be certain that he would not be misled again in the future unless and until Defendant makes appropriate changes to its [] Products' labeling and marketing." Compl. ¶ 155. That makes no sense. The primary ingredient Plaintiff challenges is mustard seeds. Plaintiff alleges that mustard seed is a substantial ingredient in the Products, "is sourced primarily, if not exclusively, from Canada" (*id.* ¶ 44), and is "not found domestically" (*id.* ¶ 42). Plaintiff therefore admits that he "now has knowledge that enables [him] to make an appropriate choice with respect to [Defendant's] products," and "[t]here is no longer any risk that [Plaintiff] will be misled." *Fernandez v. Atkins Nutritionals, Inc.*, No. 3:17-cv-01628-GPC-WVG, 2018 WL 280028, at *15 (S.D. Cal. Jan. 3, 2018). Accordingly, his injunctive relief claims should be dismissed for lack of standing.

### 4. Plaintiff's Claims Based on Products Other Than Those He Purchased Should Be Dismissed.

Finally, Plaintiff lacks standing to extend his claims to products whose advertising caused him no injury. Plaintiff allegedly purchased three varieties of the Products—the Dijon Mustard Made with Chardonnay, Honey Dijon Mustard, and Yellow Mustard. *See* Compl. ¶ 8. However, he purports to represent a class of individuals who purchased "all variations, flavors and all sizes of all products under the French's Mustard product line" without offering any further detail regarding these unpurchased products. *See id.* at ¶ 8, n. 1.

"There is a split of authority amongst district courts in the Ninth Circuit whether

---

17

1    plaintiffs have Article III standing to bring claims for products they did not personally purchase

2    but that were purchased by unnamed class members." *Cho v. Hyundai Motor Co., Ltd.*, 636 F.

3    Supp. 3d 1149, 1179 (C.D. Cal. Oct. 21, 2022) (collecting cases). Some courts have dismissed

4    claims regarding unpurchased products because such grouping runs afoul of standing principles.

5    *See e.g.*, *Missaghi v. Apple, Inc.*, No. CV-13-02003 GAF (AJWx), 2013 WL 12203021, at *8

6    (C.D. Cal. May 31, 2013) ("Plaintiff could not, as a matter of fact, have suffered injury from a

7    product he never purchased, nor even claims to have seen advertisements concerning."). Other

8    courts have employed the "substantial similarity" approach, wherein plaintiffs are permitted to

9    bring claims based on products they did not personally purchase if the products and alleged

10   misrepresentations are substantially similar. *See e.g.*, *In re 5-Hour Energy Mktg. & Sales Pracs.*

11   *Litig.*, No. MDL 13-2438 PSG (PLAx), 2014 U.S. Dist. LEXIS 149732, at *7 (C.D. Cal. Sept. 4,

12   2014).

13          Plaintiff's claims related to products he did not purchase fail under either approach. First,

14   McCormick posits this Court should dismiss these claims based on the core jurisdictional issues

15   it implicates: for a case or controversy to exist under Article III of the United States Constitution,

16   "the plaintiff must have a personal stake in the case–in other words, standing." *TransUnion LLC*

17   *v. Ramirez*, 594 U.S. 413, 423 (2021) (internal quotation marks and citation omitted); *see also id.*

18   at 431 (Standing "is not dispensed in gross; rather plaintiffs must demonstrate standing for each

19   claim that they press and for each form of relief that they seek."). Here, Plaintiff has simply

20   suffered no injury by allegedly false advertising on products he did not purchase. *See McCracken*

21   *v. KSF Acquisition Co.*, No. 5:22-cv-01666-SB-SHK, 2022 WL 18932849, at *2 (C.D. Cal. Dec.

22   15, 2022) ("Whether those unpurchased products contained identical, similar, or dissimilar

23   representations does not alter the fact that they caused Plaintiff no harm.").

24          But even if this Court were to adopt the substantial similarity methodology, Plaintiff has

25   failed to establish standing for any unpurchased products because he does not provide any detail

26   regarding what the other products are, what ingredients he challenges in those products, what

27   foreign country those ingredients were allegedly sourced from or any other fact from which this

28   Court could assess whether they are substantially similar to the products he purchased. *See Alaei*

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

1    *v. Kraft Heinz Food, Co.*, No. 15cv2961-MMA (DHB),  2016 U.S. Dist. LEXIS 63914, at \*8

2    (S.D. Cal. Apr. 22, 2016) (plaintiff lacked standing to assert claims as to products she did not

3    purchase because she provided no details regarding those products in her complaint to enable the

4    court to make a substantial similarity determination); *Wilson v. Frito-Lay N. Am. Inc.*, 961 F.

5    Supp. 2d 1134, 1141 (N.D. Cal. 2013) (dismissing claims as to unpurchased products because

6    "the Court cannot just assume that every one of the Non-Purchased Products' labels is actionable

7    in the same way as the more fully described Purchased Products' labels are."); *Bauman v.*

8    *Australian Gold, LLC*, No. 3:18-cv-1682-L-BGS, 2019 WL 2329885, at \*2-3 (S.D. Cal. May 31,

9    2019) ("Without allegations of the foreign ingredients contained in the unpurchased products,"

10   the court could not assess whether those products were substantially similar to the purchased

11   products, thereby dismissing plaintiff's class claims on unpurchased products.). Thus, Plaintiff

12   has failed to carry his burden in establishing standing. *See Town of Chester N.Y.*, *v. Laroe*

13   *Estates, Inc.*, 581 U.S. 433, 434 (2017) (plaintiff bears the burden of demonstrating each of the

14   elements of standing for every claim asserted and for each type of relief sought).

15       The Court should dismiss Plaintiff's claims based on unpurchased products for lack of

16   Article III standing.

17   **V.    CONCLUSION**

18       For the foregoing reasons, McCormick respectfully requests that the Court grants its

19   Motion and dismiss Plaintiff's Complaint in full or, alternatively, in part.

20

21   Dated:  April 16, 2025                    VENABLE LLP

22

23                                    By:    */s/ Amit Rana*
                                            Amit Rana
                                            Mona Mujaddidi
24

25                                          Attorneys for Defendant,
                                            McCormick & Company, Inc.

26

27

28