1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

7
8

| | |
|---|---|
| DARRNELL MCCOY,<br><br>             Plaintiff,<br><br>     v.<br><br>MCCORMICK & COMPANY, INC.,<br><br>             Defendant. | Case No. 1:25-cv-00231-JLT-SAB<br><br>ORDER REQUIRING PLAINTIFF TO SHOW CAUSE IN WRITING WHY THIS ACTION SHOULD NOT BE TRANSFERRED TO THE SACRAMENTO DIVISION<br><br>**JUNE 13, 2025 DEADLINE** |

9
10
11
12
13
14

On February 20, 2025, Plaintiff initiated this action in the Fresno division of the United States District Court for the Eastern District of California. (ECF No. 1.) Defendant filed a motion to dismiss on April 16, 2025, which was referred to the undersigned on April 17, 2025. (ECF Nos. 10, 11.) Plaintiff filed his opposition on May 16, 2025. (ECF No. 17.) The deadline for Defendant to file its reply is June 11, 2025. A hearing on the motion is set for June 25, 2025.

In preparation of the pending motion to dismiss, the Court reviewed Plaintiff's civil cover sheet, which states Plaintiff resides in Tulare County. (ECF No. 1-2.) Plaintiff's complaint also alleges he resides in Tulare County and that "at all times mentioned herein," Plaintiff was a Tulare County resident. (ECF No. 1 at ¶¶ 13-14.) Plaintiff also alleges that "at all times relevant herein," Defendant conducted business within Tulare County. (Id. ¶ 16.)

Additionally, Plaintiff attaches a sworn declaration in support of his complaint.[1] Plaintiff declares that "[a]t the time of [his] payment and review of the Product online [on April 11,

---

[1] Plaintiff alleges his sworn declaration is provided pursuant to California Civil Code section 1780(d), which states: "An action under subdivision (a) or (b) may be commenced in the county in which the person against whom it is brought resides, has his or her principal place of business, or is doing business, or in the county where the transaction or any substantial portion thereof occurred." Cal. Civ. Code § 1780(d); ECF No. 1 at ¶ 115.

2023], [he] was physically present within San Joaquin County, California, where I resided." (ECF No. 1-1 at ¶ 2.)  Plaintiff further declares that "it is [his] understanding that Defendant McCormick & Company, Inc. does business within San Joaquin County, California." (Id. at ¶ 3.)

Local Rule 120(d)  provides that all civil actions "arising in" San Joaquin County shall be commenced in the Sacramento division while all civil actions "arising in" Tulare County shall be commenced in the Fresno division.  L.R. 120(d).  "Whenever in any action the Court finds upon its own motion, motion of any party, or stipulation that the action has not been commenced in the proper court in accordance with [Local Rule 120], or for other good cause, the Court may transfer the action to another venue within the District."  L.R. 120(f).

Although Plaintiff alleges venue is proper because he was a Tulare County resident "at all times mentioned herein," (ECF No. 1 at ¶ 14), Plaintiff simultaneously alleges that he purchased the allegedly violative product "while physically present in his home located in Manteca, California" (id. at ¶ 51).  Plaintiff's sworn declaration supports the latter allegation that the alleged violation arises in San Joaquin County: "At the time of [Plaintiff's] payment and review of the Product online [on April 11, 2023], [he] was physically present within San Joaquin County, California, where [he] resided."  (ECF No. 1 at ¶ 2.)  While Plaintiff's county of residence as of the date of purchase on April 11, 2023 is unclear, Plaintiff's complaint and sworn declaration appear consistent that this civil action arose in Manteca, California, located in San Joaquin County.  (Id. at ¶ 51; ECF No. 1-1.)

Accordingly, the Court shall order that Plaintiff show cause in writing **no later than June 13, 2025** why this action should not be transferred to the Sacramento division.

IT IS SO ORDERED.

Dated:   **June 11, 2025**                                     _____
                                                                    STANLEY A. BOONE
                                                                    United States Magistrate Judge