1

**VENABLE LLP**
Amit Rana (SBN 291912)
arana@venable.com
Antonia I. Stabile (SBN 329559)
aistabile@venable.com
Mona Mujaddidi (SBN 346028)
mmujaddidi@venable.com
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone:    415.653.3750
Facsimile:    415.653.3755

2

3

4

5

6

7

Attorneys for Defendant,
MCCORMICK & COMPANY,
INC.

8

9          **UNITED STATES DISTRICT COURT**
          **EASTERN DISTRICT OF CALIFORNIA**

10

11

12   DARRNELL MCCOY, Individually and On
     Behalf of All Others Similarly Situated,

13                         Plaintiff,

14          v.

15   MCCORMICK & COMPANY,
     INC.,

16

17                         Defendant.

18

19

20

Case No. 1:25-cv-00231-JLT-SAB

Hon. Jennifer L. Thurston

**DEFENDANT MCCORMICK & COMPANY, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Date:          December 10, 2025
Time:          9:00 a.m.
Courtroom: 4

Trial Date:    Not Assigned

21

22

23

24

25

26

27

28

**VENABLE LLP**
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

1    **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2    PLEASE TAKE NOTICE THAT on December 10, 2025, at 9:00 a.m. in Courtroom 4, 7th

3    Floor, of the above-captioned court, located at Robert E. Coyle United States Courthouse, 2500

4    Tulare Street, Fresno, California 93721, or as soon thereafter as counsel may be heard, Defendant

5    McCormick & Company, Inc. ("McCormick") will and hereby does move this Court to dismiss

6    Plaintiff Darnell McCoy's ("Plaintiff") First Amended Complaint (the "FAC").

7    This Motion is made pursuant to Rule 12(b)(6) on the grounds that Plaintiff fails to

8    plausibly state any claims against McCormick, and Plaintiff's amended allegations do not cure the

9    defects this Court found in the original Complaint. Plaintiff continues to allege that McCormick

10    deceived consumers by using the words "Crafted and Bottled in Springfield, MO, USA" in tiny

11    print on the back of some of its French's mustard products, because the products allegedly contain

12    foreign sourced raw ingredients. This Court previously found that Plaintiff failed to plead facts

13    showing his claims were not barred by the safe harbor provisions of California Business &

14    Professions Code Section 17533.7. Plaintiff's amended allegations fare no better, falling short of

15    the pleading requirements under Rule 8 and Rule 9(b). Further, even if Plaintiff's claims could

16    survive Section 17533.7's safe harbor, they must be dismissed because no reasonable consumer

17    would be misled by the challenged label statements. Further, his equitable claims fail as a matter

18    of law because he has adequate legal remedies, and he lacks Article III standing to pursue claims

19    for prospective injunctive relief and to bring claims for products he did not personally purchase.

20    For these reasons, McCormick respectfully requests that the Court dismiss the FAC in its entirety.

21    The undersigned counsel hereby certifies that this Motion is made following the telephonic

22    meet and confer conference between counsel on September 8, 2025. During the meet and confer

23    conference, counsel for McCormick described the grounds for this Motion. Counsel for Plaintiff

24    declined to amend or dismiss their FAC, thereby necessitating this Motion.

25    This Motion is based on the Notice of Motion and Motion, the accompanying

26    Memorandum of Points and Authorities, the supporting Request for Judicial Notice, the papers

27    and records on file in this action, and any other matter the Court may consider.

28

**VENABLE LLP**
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

1

1    Dated:  September 30, 2025              VENABLE LLP

2

3                                           By:    /s/ Amit Rana

4                                                  Amit Rana
                                                   Antonia Stabile
5                                                  Mona Mujaddidi

6                                                  Attorneys for Defendant,
                                                   McCormick & Company, Inc.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**VENABLE LLP**
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

MCCORMICK'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

## TABLE OF CONTENTS

**PAGE**

I.    INTRODUCTION ...................................................................................................1

II.   RELEVANT FACTUAL AND PROCEDURAL HISTORY ...........................................2

    A.    Plaintiff's Claims ........................................................................................2

    B.    Order Granting Motion to Dismiss Complaint ........................................3

III.  LEGAL STANDARD............................................................................................4

IV.   ARGUMENT ......................................................................................................5

    A.    The FAC Still Pleads No Facts to Avoid Section 17533.7's Safe Harbor..............5

        1.    California Law Measures Foreign Content by Final Wholesale Value ..........5

        2.    Plaintiff's Allegations Are Irrelevant to Wholesale Value ........................6

    B.    No Violation Exists Because Any Foreign-Sourced Ingredients Are Raw Materials ..............8

    C.    The FAC Does Not Plausibly Allege That a Reasonable Consumer Would Be Deceived by the Challenged Label Statements .................10

        1.    No Reasonable Consumer Would Plausibly Interpret "Crafted and Bottled in Springfield, MO, USA" as Plaintiff Alleges..........11

        2.    It Is Not Plausible That the "Crafted and Bottled" Statement Is Material to Reasonable Consumers .................12

        3.    No Reasonable Consumer Would Be Deceived by the "American Flavor in a Bottle" Slogan.................14

    D.    The Complaint Does Not Meet the Heightened Pleading Requirements for Fraud Under Rule 9(b)....................15

    E.    Plaintiff's Complaint Should be Dismissed in Whole or in Part Based on Independent Deficiencies ..............16

        1.    Plaintiff Lacks Standing to Pursue Injunctive Relief................................16

        2.    Plaintiff's Equitable Claims Fail Because an Adequate Legal Remedy Exists .................17

        3.    Plaintiff Lacks Standing to Sue Over Unpurchased Products ...................18

**VENABLE LLP**
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

i

V.    CONCLUSION................................................................................................20

**VENABLE LLP**
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

ii

1

<u>**TABLE OF AUTHORITIES**</u>

2

**Page(s)**

3

**Federal Cases**

4

*In re 5-Hour Energy Mktg. & Sales Pracs. Litig.*,

5
    2014 U.S. Dist. LEXIS 149732 (C.D. Cal. Sept. 4, 2014).....................................................19

6

*Alaei v. Kraft Heinz Food, Co.*,
    2016 U.S. Dist. LEXIS 63914 (S.D. Cal. Apr. 22, 2016)..................................................19

7

*Alaei v. Rockstar, Inc.*,

8
    224 F. Supp. 3d 992 (S.D. Cal. 2016)....................................................................7, 15

9

*Anheuser-Busch Brewing Ass'n v. United States*,

10
    207 U.S. 556 (1908)................................................................................................9

11

*In re Apple Inc. Device Performance Litig.*,
    347 F. Supp. 3d 434 (N.D. Cal. 2018)........................................................................5

12

*Arabian v. Organic Candy Factory*,

13
    2018 WL 1406608 (C.D. Cal. Mar. 19, 2018)............................................................16

14

*Ashcroft v. Iqbal*,

15
    556 U.S. 662 (2009)................................................................................................4

16

*Banks v. R.C. Bigelow, Inc.*,
    536 F. Supp. 3d 640 (C.D. Cal. 2021) ......................................................................9

17

*Becerra v. Dr. Pepper/Seven Up, Inc.*,

18
    945 F.3d 1225 (9th Cir. 2019)...........................................................................10, 14

19

*Bell Atl. Corp. v. Twombly*,

20
    500 U.S. 544 (2007)................................................................................................4

21

*Bodenburg v. Apple, Inc.*,
    146 F.4th 761 (9th Cir. 2025) ................................................................................14

22

*Bowring v. Sapporo U.S.A., Inc.*,

23
    234 F. Supp. 3d 386 (E.D.N.Y. 2017) .....................................................................14

24

*Brown v. Google LLC*,

25
    525 F. Supp. 3d 1049 (N.D. Cal. 2021) ...................................................................13

26

*Cho v. Hyundai Motor Co., Ltd.*,
    636 F. Supp. 3d 1149 (C.D. Cal. 2022) ...................................................................19

27

*Clevenger v. Welch Foods Inc.*,

28
    2022 WL 18228288 (C.D. Cal. Dec. 14, 2022) .........................................................18

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

*Daldalian v. Pepsico, Inc.*,
    Case No. 2:25-cv-01491 (C.D. Cal. Sept. 3, 2025) ................................................11

*Davidson v. Kimberly-Clark Corp.*,
    889 F.3d 956 (9th Cir. 2018) ...........................................................................16, 17

*Dysthe v. Basic Research LLC*,
    2011 WL 5868307 (C.D. Cal. June 13, 2011) ................................................19

*DZ Reserve v. Meta Platforms, Inc.*,
    96 F.4th 1223 (9th Cir. 2024) ...............................................................................16

*Ebner v. Fresh, Inc.*,
    838 F.3d 958 (9th Cir. 2016) ..........................................................................10, 11

*Fitzpatrick v. Tyson Foods, Inc.*,
    2016 WL 5395955 (E.D. Cal. Sept. 27, 2016) ...................................................7

*Flodin v. Cent. Garden & Pet Co.*,
    2023 WL 3607278 (N.D. Cal. Mar. 9, 2023) ......................................................8

*In re Gilead Scis. Sec. Litig.*,
    536 F.3d 1049 (9th Cir. 2008) .................................................................................4

*Gill v. Chipotle Mexican Grill, Inc.*,
    2025 WL 1443767 (C.D. Cal. May 19, 2025) ..................................................18

*Hass v. Citizens of Human., LLC*,
    2016 WL 7097870 (S.D. Cal. Dec. 6, 2016)................................................7, 19

*Height St. Skilled Care, LLC v. Liberty Mut. Ins. Co.*,
    2022 WL 1665220 (E.D. Cal. May 25, 2022) ..................................................17

*California ex rel. Heryford v. First Premier Bank*,
    2018 WL 3197907 (E.D. Cal. June 26, 2018) ...................................................15

*Hodges v. King's Hawaiian Bakery West Inc.*,
    2021 WL 5178826 (N.D. Cal. Nov. 8, 2021) ....................................................14

*Hood v. Handi-Foil Corp.*,
    2024 WL 4008711 (N.D. Cal. Aug. 29, 2024) ................................................7, 8

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ............................................................................5, 15

*Kumar v. Salov N. Am. Corp.*,
    2016 WL 3844334 (N.D. Cal. July 15, 2016)..................................................13

*Mack v. LLR, Inc.*,
    2018 U.S. Dist. LEXIS 227380 (C.D. Cal. Aug. 15, 2018)............................16

**VENABLE LLP**
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

iv

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**VENABLE LLP**
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

*Maeda v. Kennedy Endeavors, Inc.*,
  407 F. Supp. 3d 953 (D. Haw. 2019) ........................................................14

*McCausland v. PepsiCo, Inc.*,
  2025 WL 722444 (N.D. Cal. Mar. 6, 2025)..............................................17

*McCracken v. KSF Acquisition Co.*,
  2022 WL 18932849 (C.D. Cal. Dec. 15, 2022) .........................................18

*Missaghi v. Apple, Inc.*,
  2013 WL 12203021 (C.D. Cal. May 31, 2013) .........................................19

*Moore v. Trader Joe's Co.*,
  4 F.4th 874 (9th Cir. 2021) ...............................................................10, 11

*Morales v. Trans World Airlines, Inc.*,
  504 U.S. 374 (1992).................................................................................17

*Nelson v. MillerCoors, LLC*,
  246 F. Supp. 3d 666 (E.D.N.Y. 2017) ......................................................14

*Phillips v. Brooklyn Bedding LLC*,
  2024 WL 2830663 (N.D. Cal. Mar. 28, 2024)..........................................18

*Rowe v. Educ. Credit Mgmt. Corp.*,
  559 F.3d 1028 (9th Cir. 2009) ..................................................................4

*Salameh v. Tarsadia Hotel*,
  726 F.3d 1124 (9th Cir. 2013) ..................................................................5

*Saloojas, Inc. v. Aetna Health of Cal., Inc.*,
  80 F.4th 1011 (9th Cir. 2023) ...................................................................5

*Schroeder v. United States*,
  569 F.3d 956 (9th Cir. 2009) ...................................................................17

*Somers v. Apple, Inc.*,
  729 F.3d 953 (9th Cir. 2013) ....................................................................4

*Sonner v. Premier Nutrition Corp.*,
  971 F.3d 834 (9th Cir. 2020) ...................................................................17

*Steinberg v. Icelandic Provisions Inc.*,
  2022 WL 220641 (N.D. Cal. Jan. 25, 2022) .............................................14

*Town of Chester N.Y., v. Laroe Estates, Inc.*,
  581 U.S. 433 (2017)................................................................................20

*Trammell v. Albertsons Cos., Inc.*,
  2025 WL 591069 (S.D. Cal. Feb. 24, 2025) .............................................17

v

*TransUnion LLC v. Ramirez*,
   594 U.S. 413 (2021) ................................................................................................18

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ......................................................................5, 15

*Webb v. Trader Joe's Co.*,
   999 F.3d 1196 (9th Cir. 2021) .........................................................................1, 7

*Wilson v. Frito-Lay N. Am. Inc.*,
   961 F. Supp. 2d 1134 (N.D. Cal. 2013) .............................................................19

*In re ZF-TRW Airbag Control Units Prods. Liab. Litig.*,
   601 F. Supp. 3d 625 (C.D. Cal. 2022) ...............................................................18

**California Cases**

*Benson v. Kwikset Corp.*,
   152 Cal. App. 4th 1254 (2007) .........................................................................8, 9

*Colgan v. Leatherman Tool Group, Inc.*,
   135 Cal. App. 4th 663 (2006) ................................................................................8

**California Statutes**

Cal. Bus. & Prof. Code
   § 17533.7 ................................................................................................ *passim*

**Other Authorities**

10 C.C.R. § 8120(c)(1) ...............................................................................................6

16 C.F.R. § 323 ..........................................................................................................4

Fed. R. Civ. P. 9(b) ...................................................................................... *passim*

Fed. R. Civ. P. 12(b)(6) ..............................................................................................4

**VENABLE LLP**
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

vi

MCCORMICK'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

In his latest attempt to plead a cause of action, Plaintiff Darrnell McCoy fails to cure the defects that led to dismissal of his original complaint. Plaintiff still alleges that Defendant McCormick & Company, Inc. deceived consumers by using the words "Crafted and Bottled in Springfield, MO, USA" in tiny print on the back label of certain French's mustard products (the "Products"). Plaintiff still does not dispute that the Products are in fact prepared and bottled in Springfield, Missouri. And Plaintiff's claims still rely upon argument that certain state and federal statutes governing the use of "Made in the USA," based on allegations that some of the Products' raw ingredients do not originate from the United States.

This Court previously held that such allegations fall squarely within the safe harbor of California Business & Professions Code Section 17533.7, which expressly permits "Made in the USA" or similar language where foreign content does not exceed five percent (or ten percent if not domestically available) of the product's final *wholesale value*. The Court gave Plaintiff another chance to plead facts showing the Products exceed this threshold. Plaintiff failed to do so. Worse, Plaintiff admits that he cannot without discovery. *See, e.g.*, FAC ¶ 85 ("Such facts, along with other material information regarding ingredient sourcing and costs, are within Defendant's exclusive control and can be obtained through discovery."). Controlling authority prohibits such "use of discovery to engage in 'fishing expeditions,' where . . . it is obvious that [Plaintiff] has no basis other than gross speculation" for his claims. *See Webb v. Trader Joe's Co.*, 999 F.3d 1196, 1204 (9th Cir. 2021) (quoting *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1072 (9th Cir. 2004)). This concession alone requires dismissal with prejudice.

Even setting the safe harbor aside, the FAC contains various other fatal defects. It ignores the fact that the statutes on which Plaintiff bases his claims do not apply to raw materials. It fails to plausibly allege reasonable consumers would be misled by the label, as required to state his UCL, CLRA, and FAL claims. And its core allegations are still pled "upon information and belief," in violation of Rule 9(b).

1

**VENABLE LLP**
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

Finally, and in the alternative, the FAC must be dismissed or narrowed on the following additional grounds: (1) Plaintiff lacks Article III standing to pursue claims for prospective injunctive relief because he believes that the Products "are substantially produced with ingredients that are manufactured, grown and/or sourced from outside of the United States" (FAC ¶ 23); (2) Plaintiff's claims for equitable relief fail as a matter of law because he has adequate legal remedies; and (3) Plaintiff lacks Article III standing to bring claims for products he did not personally purchase.

Plaintiff's FAC should be dismissed in its entirety. Given this is Plaintiff's second chance to state a claim, and given his admission that he cannot avoid Section 17533.7's safe harbors, the FAC should be dismissed without leave to amend.

## II.    RELEVANT FACTUAL AND PROCEDURAL HISTORY

### A.    Plaintiff's Claims

McCormick is a U.S.-based food company with a portfolio of household consumer brands, including French's mustard. French's mustards are prepared and bottled at a McCormick facility in Springfield, Missouri.

Plaintiff, a California resident, alleges he purchased French's Dijon Mustard with Chardonnay through the Walmart mobile application on or about April 11, 2023. *See* FAC ¶¶ 7, 101. He further alleges that, at an earlier date, he purchased French's Honey Dijon Mustard and French's Classic Yellow Mustard at a Costco warehouse in Tracy, California. FAC ¶ 106.

Plaintiff claims he was misled by the phrase "Crafted and Bottled in Springfield, MO, USA" printed in tiny font on the back panel of the Products. *See* FAC ¶¶ 40, 102, 105, 108. According to Plaintiff, this statement is deceptive because "upon information and belief, the Products consist of foreign components." FAC ¶ 48. That belief rests primarily on YouTube videos suggesting that mustard seed is often grown in Canada. *See* FAC ¶ 50 n.7. Plaintiff also alleges, again "on information and belief," that McCormick charges a price premium for its mustard compared to competitors. *See* FAC ¶ 99.

On these allegations, Plaintiff asserts seven causes of action: (1) Violation of the Consumer Legal Remedies Act ("CLRA") (Cal. Civ. Code § 1750 et seq.); (2) Violation of Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200 et seq.); (3) Violation of False Advertising Law (Cal. Bus. & Prof Code §§ 17500 et seq.); (4) Breach of Express Warranty; (5) Unjust Enrichment; (6) Negligent Misrepresentation; and (7) Intentional Misrepresentation.

### B.    Order Granting Motion to Dismiss Complaint

Plaintiff filed his original Complaint in this action on February 20, 2025 (ECF No. 1), alleging the same violations of California law at issue in the FAC. McCormick moved to dismiss on April 16, 2025. ECF No. 10. On August 12, 2025, the Court adopted Judge Boone's Findings and Recommendations in full over Plaintiff's objection and dismissed the Complaint. ECF No. 27, 30. The Court held that Plaintiff failed to plead facts showing his claims were not barred by the safe harbor provisions of California Business and Professions Code Section 17533.7.

The Court explained that Section 17533.7 expressly permits U.S.-origin labeling if: (1) foreign content does not exceed five percent of the product's **final wholesale value**; or (2) foreign content does not exceed ten percent of the product's **final wholesale value** and cannot be sourced domestically. Cal. Bus. & Prof. Code § 17533.7(b)-(c). Because Plaintiff did not allege that mustard seed or turmeric comprised more than five percent (or ten percent if not domestically available) of any product's final wholesale value, his claims fell within the safe harbor. *See* ECF No. 27 at 16:15-19.

The Court also rejected Plaintiff's argument that such allegations can be inferred from the Products' ingredient lists or elsewhere. *See* ECF No. 27 at 16:20-17:12. In doing so, the Court noted:

> [T]he list of ingredients is itemized by greatest weight, *not* the ingredient's final wholesale value in proportion to the final Product. Thus, the fact that mustard seed is third in the ingredient listed on the Products' labels does not support any conclusion that mustard seed amounts to a particular percentage of the product, nonetheless any particular percentage of each Products' final wholesale value.

*Id.* at 17:1-5.

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

1    The Court also declined to consider several YouTube videos cited in the Complaint, two

2    of which reappear in the FAC. It agreed with McCormick that unauthenticated third-party

3    videos, applying the wrong standard (weight rather than wholesale value) and addressing only

4    one product Plaintiff allegedly purchased, were not properly considered on the motion to

5    dismiss. *See id.* at 9:1-10.

6    Having found Section 17533.7's safe harbor dispositive, the Court did not reach

7    McCormick's alternative dismissal arguments, though it noted they were "well-taken." *See id.* at

8    n.3.[1] Finally, the Court granted Plaintiff leave to amend to include additional allegations

9    regarding the wholesale value. *See id.* at 18:13-14.

10   ### III.    **LEGAL STANDARD**

11   A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal

12   sufficiency of a complaint. To survive, a complaint must plead, "sufficient factual matter,

13   accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

14   U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 500 U.S. 544, 570 (2007)). A claim is

15   plausible only if the facts alleged "allow[] the court to draw the reasonable inference that the

16   defendant is liable for the misconduct alleged." *Id.* Conclusory statements or "formulaic

17   recitation[s] of the elements of a cause of action" are insufficient. *Twombly*, 550 U.S. at 555;

18   *Somers v. Apple, Inc.*, 729 F.3d 953, 959-60 (9th Cir. 2013).

19   In evaluating a Rule 12(b)(6) motion, the court "accept[s] all factual allegations in the

20   complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving

21   party." *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029-30 (9th Cir. 2009) (citation

22   omitted). But the court need not accept "allegations that are merely conclusory, unwarranted

23   deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049,

24   1055 (9th Cir. 2008) (citation omitted). "Dismissal is appropriate when the complaint lacks a

25

26

27   ---

[1] However, the Court did reject Plaintiff's novel contention that Section 17533.7's safe-harbor

28   provisions are preempted by the FTC's "Made in the U.S.A." rule, 16 C.F.R. § 323. *See id.* at
9:12-15:23.

1    cognizable legal theory or sufficient factual allegations to support a cognizable legal theory."

2    *Saloojas, Inc. v. Aetna Health of Cal., Inc.*, 80 F.4th 1011, 1014 (9th Cir. 2023) (cleaned up).

3        Because Plaintiff's CLRA, UCL, and FAL claims sound in fraud, they must also satisfy

4    Federal Rule of Civil Procedure 9(b). *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir.

5    2009); *see also In re Apple Inc. Device Performance Litig.*, 347 F. Supp. 3d 434, 443-44 (N.D.

6    Cal. 2018); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003) (even where

7    fraud is not an element of the claim, but it is alleged that the defendant engaged in fraudulent

8    conduct, heightened pleading standard applies). Rule 9(b) requires a plaintiff to state with

9    particularity the circumstances constituting fraud, including the "who, what, when, where, and

10   how of the misconduct charged, as well as what is false or misleading about the purportedly

11   fraudulent statement, and why it is false." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th

12   Cir. 2013) (citation and internal quotation marks omitted). Allegations that do not meet this

13   standard must be dismissed. *Kearns*, 567 F.3d at 1124.

## IV.    <u>ARGUMENT</u>

### A.    The FAC Still Pleads No Facts to Avoid Section 17533.7's Safe Harbor

16       When the Court dismissed the original Complaint, it granted Plaintiff a narrow

17   opportunity to allege that more than five percent (or, if not domestically available, ten percent) of

18   the Products' ***final wholesale value*** comes from foreign sourced ingredients. The FAC does not

19   do so. It repeats weight-based guesses, speculation, and YouTube citations that the Court has

20   already rejected. Indeed, Plaintiff now admits that he cannot plead facts to evade the safe harbors

21   without further discovery. His admission is dispositive of his claims.

### 1.    <u>California Law Measures Foreign Content by Final Wholesale Value</u>

23       California law permits U.S.-origin claims when foreign content is less than five percent

24   of the "final wholesale value" of the product, or less than ten percent of the "final wholesale

25   value" if the components cannot be sourced domestically. Cal. Bus. & Prof. Code §

26   17533.7(c)(1)(A)-(B).

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

5

This "wholesale value" standard was carefully considered and deliberate. Earlier versions of the proposed law measured foreign content relative to the "final manufactured product[,]" but the Assembly Committee rejected that language:

> One important question left unaddressed by this bill is how the amount of permissible foreign content would be measured: is 5% or 10% of the final product to be determined by **wholesale value, retail value, production cost, weight, volume, surface area, number of parts, some combination thereof, or some other unknown metric**? The available precedents (federal and California) suggest that manufacturing cost or wholesale value would be the most logical metrics to apply in the absence of specific direction.

RJN, Ex. A at p. 10 (emphasis added).

The Committee thus recommend that the bill be amended "to clarify that the 5% and 10% standards are measured by ***wholesale value***," not weight or volume. *Id.* at p. 11 (emphasis added). This amendment was intended to align the law with the "Made in California Program," the "most comparable state statute" (*id.*), which determines wholesale value "by summation of the following costs: (A) [] direct and indirect material costs; and (B) [] direct and indirect labor costs." 10 Cal. Code Reg. § 8120(c)(1). The Legislature adopted the Committee's recommendation.

### 2. Plaintiff's Allegations Are Irrelevant to Wholesale Value

The FAC contains no allegations regarding the direct or indirect material and labor costs for the Products, which define "wholesale value." *See generally* RJN 1 at p. 10; 10 C.C.R. § 8120(c)(1). Instead, despite the Court's instruction, the FAC again asserts only vague allegations that mustard seed or turmeric account for "at least 15%" of the ingredients in the Products. *See, e.g.*, FAC ¶ 73 ("At least 15% of the Products' <u>ingredients</u> are sourced outside the U.S.") (emphasis added). These allegations do not address wholesale value and therefore fail as a matter of law. Indeed, courts (including this Court) applying Section 17533.7 consistently reject attempts to substitute ingredient order or weight for wholesale value. *See* ECF No. 27 at 17:1-12 (citing *Flodin v. Cent. Garden & Pet Co.*, No. 21-cv-01631-JST, 2023 WL 3607278, at *2 (N.D. Cal. Mar. 9, 2023) ("Nothing about this ingredient order compels (or even supports) the

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

conclusion that a particular ingredient constitutes any specific percentage of the product – by value, weight, or any other metric.")).

Moreover, even if such weight- or volume-based allegations were relevant (they are not), Plaintiff's estimates are impermissibly vague. He alleges mustard seed is "about 15%"[2] of the product (FAC ¶ 60, 73), while conceding that the true composition "cannot be fully ascertained without the benefit of discovery."[3] FAC ¶ 84. That is not enough to state a claim. *See Hood v. Handi-Foil Corp.*, No. 24-cv-02373-RS, 2024 WL 4008711, at *3 (N.D. Cal. Aug. 29, 2024) (dismissing complaint because "generalized averments that 'parts of Defendants' products obtained from outside the United States constitute more than 10 percent of the final wholesale value of the manufactured products' are insufficient and vague"); *Fitzpatrick v. Tyson Foods, Inc.*, No. 2:16-cv-00058-JAM-EFB, 2016 WL 5395955, at *4 (E.D. Cal. Sept. 27, 2016); *Alaei v. Rockstar, Inc.*, 224 F. Supp. 3d 992, 1000 (S.D. Cal. 2016); *see also Hass v. Citizens of Human., LLC*, No. 14-CV-1404 JLS (WVG), 2016 WL 7097870, at *4 (S.D. Cal. Dec. 6, 2016) ("Plaintiff's various allegations that Defendant's products incorporate foreign materials are simply conclusory," and are "insufficient to raise a plausible inference that these materials constitute more than five or ten percent of the total wholesale value as required by [the

---

[2] Plaintiff's allegations of the purported approximate percentage of mustard seeds in the Products apparently come from the same type of unauthenticated third-party YouTube videos that this Court already declined to consider. Plaintiff attempts to circumvent this Court's prior order, this time by attaching transcripts of the videos to the FAC. *See* FAC ¶ 60, fn. 12 & Ex. B. But the Court already found such videos were not properly incorporated by reference and had no bearing on wholesale value. *See* ECF No. 27 at 5:18-9:10. Adding transcripts changes nothing. These third-party videos are unauthenticated and apply the wrong measurement standard (weight, not wholesale value). As before, at most they speculate that mustard seed *could* make up *approximately* 15 percent *by weight* of one recipe at some point in time. *See, e.g.*, FAC Ex. B. at 11. They say nothing about the relevant inquiry under the law and cannot cure Plaintiff's pleading defects.

[3] Plaintiff's inability to plead with specificity without discovery runs afoul of controlling Ninth Circuit law. *See Webb v. Trader Joe's Co.*, 999 F.3d 1196, 1204 (9th Cir. 2021) (plaintiffs may not plead speculation in hopes of using discovery as a "fishing expedition" to find support for their claims).

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

statute].”). Such general, speculative allegations further fail under Rule 9(b). *See Hood*, 2024 WL 4008711, at *3 (dismissing complaint by applying Rule 9(b) to plaintiff's “greater-than-10-percent” allegations aimed at avoiding Section 17533.7's safe harbor provisions).

Finally, Plaintiff further attempts to salvage his defectively pled allegations with new allegations that mustard seed is the “essence” of the product and the “principal driver of consumer value.” FAC ¶¶ 61, 77, 92. For the reasons discussed above, these allegations as to “consumer value” are wholly irrelevant to the “wholesale value” inquiry and cannot suffice to avoid Section 17533.7's safe harbor. *See, e.g.*, *Flodin*, 2023 WL 4686016, at *1-2 (allegation that avocado was the “key” ingredient in “AvoDerm” product insufficient to overcome safe harbor).

The FAC still pleads nothing establishing his claims fall outside the statutory safe harbor. Under Section 17533.7 and this Court's prior order, this is fatal to all of Plaintiff's claims. *See* ECF No. 27 at 15:26-16:10 (“Where a plaintiff fails to plausibly allege that either percentage-based safe harbor threshold of Section 17533.7 was exceeded in a product that was otherwise labeled as ‘Made in the U.S.A.,' [claims under the CLRA, UCL, FAL, and other state law causes of action predicated upon such violations] cannot succeed.”) (citing *Flodin*, 2023 WL 3607278, at *2; *Hood*, 2024 WL 4008711, at *3).

### B. No Violation Exists Because Any Foreign-Sourced Ingredients Are Raw Materials

Even apart from the safe harbor, Plaintiff's claims fail because the statute does not apply to raw materials. Section 17533.7 prohibits “Made in U.S.A.” claims only where merchandise is “made, manufactured, or produced” with foreign content. *Benson v. Kwikset Corp.*, 152 Cal. App. 4th 1254, 1271-72 (2007). But a defendant “does not violate [Section 17533.7] by making, manufacturing, or producing merchandise solely in the United States even though using raw materials acquired from a foreign source.” *Id.* at 1272. As the California Court of Appeal explained, the statutory terms “made,” “manufacture,” and “process” “describe the *physical* process of transforming raw materials into goods.” *Colgan v. Leatherman Tool Group, Inc.*, 135 Cal. App. 4th 663, 685 (2006) (emphasis in original); *see also Benson*, 152 Cal. App. 4th at 1271

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

1    (explaining that the terms "made" and "manufactured" "'cover almost everything which [human]

2    skill . . . can make out of raw materials.'") (citation omitted).

3          Plaintiff tries to avoid this settled rule by alleging that farming is a "manufacturing

4    process." *See, e.g.*, FAC ¶¶ 52, 57. According to him, planting and harvesting plantswith

5    mechanical equipment somehow transforms mustard seed into a "manufactured" product. But

6    courts and commentators alike have recognized that "manufacturing" requires a process that

7    imparts "new forms, qualities, properties, or combinations" to raw input. *Benson,* 152 Cal. App.

8    4th at 1272; *Anheuser-Busch Brewing Ass'n v. United States*, 207 U.S. 556, 562 (1908)

9    (manufacture requires a "transformation; a new and different article must emerge, 'having a

10    distinctive name, character, or use'"); *see also What Constitutes Manufacturing and Who Is a*

11    *Manufacturer Under Tax Laws*, 17 A.L.R. 3d 7, 23-24, fns. omitted (1968) (citing cases and

12    explaining that manufacturing requires imparting "new forms, qualities, properties, or

13    combinations" to raw inputs).

14          Thus, the FAC does not plausibly plead that mustard seed is not a raw ingredient. Raw

15    materials in their natural condition logically must grow before they can exist, and must be

16    harvested before they can be sold. Contrary to the FAC's suggestion, harvesting and separating

17    mustard seeds from their pods does not give the mustard seeds "new forms, qualities, properties,

18    or combinations" such that they are transformed from their natural state to make the final

19    Products.[4] Nor does the fact that machinery is used in the harvesting change the mustard seeds'

20

21    _____

22

23    [4] McCormick expects Plaintiff to rely on *Banks v. R.C. Bigelow, Inc.*, 536 F. Supp. 3d 640 (C.D.
      Cal. May 3, 2021), wherein the court found the complaint contained plausible allegations that the

24    defendant processed the tea leaves in its tea bags solely outside of the United States. In *Banks*,
      however, the plaintiff alleged nearly thirteen paragraphs to describe where and how defendant

25    processed those tea leaves abroad. By contrast, Plaintiff does not, and cannot, provide such
      allegations here because defendant solely processes its Products in the United States. Nor is the

26    processing of tea leaves in *Banks*—which involved tea processing plants in Sri Lanka
      transforming the Camellia Sinesis plant into "beautiful clean tea" (*see Banks v. R.C. Bigelow,*

27    *Inc.*, Case No. 2:20-cv-06208 (C.D. Cal.), Dkt. No. 11 at ¶¶ 17-30)—comparable to the simple

28    collection of mustard seeds.

status as raw materials.[5] Only when those raw materials are "processed for use," or otherwise given "new forms, qualities, properties, or combinations," would they be transformed into a new product. Plaintiff does not dispute that this processing takes place in Springfield, Missouri.

Because the FAC contains no plausible allegations that mustard seed or any other ingredient is made, manufactured, or processed abroad, such that they are no longer raw materials prior to importation, Plaintiff fails to plead a viable cause of action.

## C.    The FAC Does Not Plausibly Allege That a Reasonable Consumer Would Be Deceived by the Challenged Label Statements

"California consumer-protection statutes are governed by the 'reasonable consumer' test." *Becerra v. Dr. Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1228 (9th Cir. 2019) (quoting *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008)). "This requires more than a mere possibility that [the defendant's representations] 'might conceivably be misunderstood by some few consumers viewing [them] in an unreasonable manner.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016) (quoting *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003)). Rather, the reasonable consumer standard requires a "probability," not a mere possibility, that a "significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Ebner*, 838 F.3d at 965 (quoting *Lavie*, 105 Cal. App. 4th at 508). Courts regularly dismiss claims at the pleading stage when the alleged interpretation is unreasonable or implausible. *See e.g., Moore v. Trader Joe's Co.*, 4 F.4th 874, 882-83 (9th Cir. 2021).

Plaintiff's theory of the case depends on the idea that reasonable consumers were misled by two statements: (1) a tiny back-label claim, "Crafted and Bottled in Springfield, MO, USA" and (2) a front-label slogan, "American Flavor in a Bottle." Neither theory is viable. The back-label claim is a truthful statement about where the Products are "crafted and bottled," and no reasonable consumer would read it as a sweeping statement about where each ingredient is

---

[5] For example, iron ore is a raw material, although it is mined with heavy machinery before it can be used to make steel.

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

physically grown. And in any event, that claim is printed in small font on the Products' back label that no reasonable consumer would plausibly treat as material. The front-label claim, which plaintiff illogically argues "reinforces" the back-label claim, is not an origin claim and is not actionable. Thus, Plaintiff fails to allege a reasonable consumer would be misled by either claim.

       1.   <u>No Reasonable Consumer Would Plausibly Interpret "Crafted and Bottled in Springfield, MO, USA" as Plaintiff Alleges</u>

The phrase "Crafted and Bottled in Springfield, MO, USA" appears in fine print beneath the nutritional facts panel on the Products' back label. *See, e.g.*, FAC ¶¶ 5, 7, 40, 102. It truthfully states where the Products are prepared and bottled. It does not purport to describe where each and every ingredient in the Products is grown. Yet Plaintiff claims consumers would interpret this phrase as a sweeping guarantee that every single agricultural input was grown and harvested in Springfield, Missouri. *See, e.g.*, FAC ¶¶ 52-54. That is not a plausible interpretation. Because it is implausible that reasonable consumers, acting reasonably in the circumstances, would be misled into believing the "Crafted and Bottled in Springfield, MO, USA" claim means that the Products' ingredients were grown and harvested in Springfield, Missouri, the entire FAC should be dismissed. *See, e.g.*, *Daldalian v. Pepsico, Inc.*, Case No. 2:25-cv-01491, Dkt. No. 26 (C.D. Cal. Sept. 3, 2025) (dismissing similar claims brought by Plaintiff's counsel because "it is implausible that 'a significant portion of [consumers], acting reasonably in the circumstances, could be misled' into believing Defendants' 'Brewed in USA' claim meant its ingredients were grown and/or sourced domestically"); *see also Moore v. Trader Joe's Co.*, 4 F.4th at 882–83 (9th Cir. 2021) (affirming dismissal of claims based on "unreasonable or fanciful interpretations" of label language); *Ebner*, 838 F.3d at 966 (a statement is "not false and deceptive merely because [it] may be 'unreasonably misunderstood by an insignificant and unrepresentative segment'" of consumers).

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

2.    It Is Not Plausible That the "Crafted and Bottled" Statement Is Material to Reasonable Consumers

Even if a reasonable consumer could stretch the phrase to mean what Plaintiff alleges, Plaintiff cannot plausibly plead that the "Crafted and Bottled" statement is material to purchasing decisions. The phrase is buried in tiny font below the nutritional facts panel on the back label. The FAC's own photos show it is barely legible without zooming in:



FAC ¶ 41.

That defect dooms both alleged purchase contexts. For in-store shoppers, it is implausible that "a significant portion" of consumers flipped over a mustard bottle, located the fine print beneath the nutritional facts panel, and squinted to read "Crafted and Bottled in Springfield, MO, USA" much less relied on the statement in their purchasing decisions. *See Gross v. Vilore Foods Co.*, Inc., No. 20CV894-LL-JLB, 2022 WL 1063085, at *7-8 (S.D. Cal. Apr. 8, 2022) ("Mere exposure to a representation does not make it material; rather, a representation is material if a reasonable consumer would attach importance to [the representation's] existence or non-

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

1    existence in determining his choice of action."); *see also Kumar v. Salov N. Am. Corp.*, No. 14-

2    CV-2411-YGR, 2016 WL 3844334, at *7 (N.D. Cal. July 15, 2016) ("Questions of materiality

3    and reliance are determined based upon the reasonable consumer standard, not the subjective

4    understandings of individual plaintiffs.").

5           For online shoppers, the claim is even weaker. Plaintiff, for example, alleges that he

6    purchased French's Dijon Mustard through Walmart's mobile application.[6] FAC ¶ 100. But to

7    view the challenged phrase there, a consumer would have to open multiple product images, scroll

8    to the fifth image, and then zoom in on the back panel to locate the text under the nutrition facts.

9    Each of the websites Plaintiff cites in the FAC (Walmart, Target, and McCormick) confirm the

10   same design.[7] FAC ¶ 43 n.5. Even if Plaintiff did in fact take the time to study these images in

11   the mobile application, it is implausible that a "significant portion" of consumers did the same,

12   whether online, in the mobile application, or in person. Even if "some consumers might

13   conceivably" have done so, "this expectation is not reasonable as a matter of law." *See*

14

15

16

17   [6] Although the FAC includes several large images featuring the Products' front and back panels
     side by side in the FAC (*see* FAC ¶ 40), these images do not accurately represent how the label
18   actually appears online. The FAC does not include a citation indicating where these images came
     from. It appears Plaintiff spliced two separate images of the Products' front and back labels and
19   pasted them side by side to make it appear that these images represent how consumers view the
     Products' labels when making their purchases.

20   [7] https://www.walmart.com/ip/French-s-No-Artificial-Flavors-Gluten-Free-Chardonnay-Dijon-
     Mustard-Squeeze-Bottle-12-oz-
21   Bottle/17247766?classType=VARIANT&from=%2Fsearch&sid=a7bd7c61-6b08-4532-b152-
     fa9cb88cd219 (last accessed September 24, 2025) ("Crafted and Bottled" statement visible only
22   when consumer clicks "View all" images, selects the 10th image, and zooms in on back label);
     https://www.target.com/p/french-s-classic-yellow-mustard-8oz/-/A-13397784#lnk=sametab (last
23   accessed September 24, 2025) ("Crafted and Bottled" statement visible only when consumer
     clicks "See more images," scrolls to the 20th image nearly halfway down the webpage, and
24   zooms in on back label); https://www.mccormick.com/collections/frenchs/products/frenchs-r-
     chardonnay-dijon-mustard-squeeze-bottle-12-oz (last accessed September 24, 2025) ("Crafted
25   and Bottled" statement visible only when consumer scrolls to and selects the 10th image and
     zooms in on back label). The Court can and should take judicial notice of these webpages. *See,*
26   *e.g.*, *Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1061 (N.D. Cal. 2021) (concluding that
     documents which "appear on publicly available websites" are "proper subjects for judicial
27   notice").

28

1    *Bodenburg v. Apple, Inc.*, 146 F.4th 761, 769 (9th Cir. 2025); *Becerra*, 945 F.3d at 1230 ("[T]he

2    packaging was not deceptive just because some consumers could unreasonably misunderstand

3    the product.").

4        Because no reasonable consumer would be misled by the immaterial back-label "Crafted

5    and Bottled" statement, Plaintiff cannot plausibly state a claim under the UCL, CLRA, or FAL

6    based on this label statement.

7            3.    <u>No Reasonable Consumer Would Be Deceived by the "American Flavor</u>
8                <u>in a Bottle" Slogan</u>

9        Although Plaintiff's claims are based entirely on the "Crafted and Bottled in Springfield,

10    MO, USA" statement, the FAC intentionally attempts to conflate this back-label statement with

11    the front-label "American Flavor in a Bottle" slogan. Apparently recognizing that front-label

12    slogan does not run afoul of the California and federal statutes governing "Made in the USA"

13    and similar claims, Plaintiff simply pleads that this front-label statement "reinforces" the claim

14    he actually challenges, "Crafted and Bottled in Springfield, MO, USA." *See, e.g.*, FAC ¶¶ 27, 36,

15    192. This allegation fails.

16        First, the slogan does not assert the Products are "Made in the U.S.A." It is a vague

17    patriotic tagline, at most. Courts across the country have consistently held that cultural or

18    geographic slogans do not create actionable origin claims. *See, e.g.*, *Steinberg v. Icelandic

19    Provisions Inc.*, No. 21-cv-05568-EMC, 2022 WL 220641 (N.D. Cal. Jan. 25, 2022) (dismissing

20    claims where skyr yogurt was described as "Icelandic Skyr"); *Hodges v. King's Hawaiian

21    Bakery West Inc.*, No. 21-cv-04541-PJH, 2021 WL 5178826, *5-7 (N.D. Cal. Nov. 8, 2021)

22    (dismissing claims where rolls were described as "Hawaiian Rolls"); *Bowring v. Sapporo U.S.A.,

23    Inc.*, 234 F. Supp. 3d 386, 390-92 (E.D.N.Y. 2017) (dismissing claims where Sapporo beer

24    claimed to be "the original Japanese beer"); *Maeda v. Kennedy Endeavors, Inc.*, 407 F. Supp. 3d

25    953, 969-72 (D. Haw. 2019) (dismissing claims where potato chips' labels use the terms

26    "Hawaiian" and "Sweet Maui Onion Rings"); *Nelson v. MillerCoors, LLC*, 246 F. Supp. 3d 666,

27    675-76 (E.D.N.Y. 2017) (dismissing claims where Foster's beer referred to as an "Australian

28    beer brand").

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

14

**VENABLE LLP**
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

Second, Plaintiff's reading of this slogan defies common sense, let alone plausibility standards. No reasonable consumer would see the "American Flavor in a Bottle" claim on a bottle of "French's" mustard and interpret it as a certification of U.S.-grown ingredients. This is particularly true for the "Dijon" products, which prominently reference "Dijon" and "Chardonnay" on the front label, both of which are quintessentially non-American. Plaintiff's theory that this phrase somehow "reinforces" the back-label statement is further nonsensical, as a front-label slogan cannot plausibly "reinforce" a tiny back-label statement that few consumers even saw let alone relied upon in making their purchases. It is implausible that a "significant portion" of reasonable consumers, reasonably interpreting the front label of the Products as a whole, would be misled by this slogan.

## D.    The Complaint Does Not Meet the Heightened Pleading Requirements for Fraud Under Rule 9(b)

Plaintiff's second attempt to plead specific facts to state a cause of action fails in the same way that his original complaint did. Rule 9(b) requires a plaintiff alleging fraud to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). This standard applies to Plaintiff's CLRA, UCL, FAL, and related common-law theories, all of which sound in fraud. *Kearns*, 567 F.3d at 1125 ("Rule 9(b)'s particularity requirement applies to these [false advertising] state-law causes of action."); *Vess*, 317 F.3d at 1107 (Rule 9(b) applies to CLRA, UCL, and FAL claims sounding in fraud); *Alaei*, 224 F. Supp. 3d at 999 ("[C]laim for violation of Section 17533.7 is 'grounded in fraud,' [and] therefore[,] Rule 9(b)'s heightened pleading standard applies."). Conclusory allegations and vague assertions are insufficient.

First, the FAC's central assertion, that the Products contain foreign-sourced ingredients, is pled "upon information and belief." *See, e.g.*, FAC ¶ 48 ("[U]pon information and belief, the Products consist of foreign components, which is not clearly, adequately and properly disclosed on the label and advertising of the Products . . . "), ¶ 125 ("On information and belief, Defendant's Products contain foreign ingredients . . . "). It is well settled that Rule 9(b) does not permit allegations on information and belief. *See, e.g.*, *California ex rel. Heryford v. First Premier Bank*, No. 2:16-cv-00470-TLN-EFB, 2018 WL 3197907, at *3 (E.D. Cal. June 26,

MCCORMICK'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

2018) ("[T]he Ninth Circuit has 'explained that allegations of fraud based on information and belief usually do not satisfy the particularity requirements under rule 9(b).'") (quoting *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 54 (9th Cir. 1989)); *Arabian v. Organic Candy Factory*, No. 2:17-cv-05410-ODW-PLA, 2018 WL 1406608, at *3 (C.D. Cal. Mar. 19, 2018) ("'It is well settled that fraud allegations based on 'information and belief' do not satisfy the particularity requirement of Rule 9(b) unless the complaint sets forth the facts on which the belief is founded.") (citation omitted).

Second, the FAC fails to specifically identify which label representations Plaintiff challenges. Although Plaintiff purports to challenge the back-label phrase "Crafted and Bottled in Springfield, MO, USA," he also lumps together "other derivatives" or "synonymous" representations, without alleging what those are. *See, e.g.*, FAC ¶¶ 6, 24, 35, 40. This lack of specificity is fatal. *See, e.g., Mack v. LLR, Inc.*, No. EDCV 17-00853 JGB (DTBx), 2018 U.S. Dist. LEXIS 227380, at * 19 – 20 (C.D. Cal. Aug. 15, 2018) (finding allegations insufficient under Rule 9(b) where plaintiff failed to identify the challenged misrepresentations with any specificity).

Rule 9(b) exists precisely to prevent this sort of vague, speculative pleading. Because Plaintiff's allegations fail under Rule 9(b), his claims should be dismissed.

### E. Plaintiff's Complaint Should be Dismissed in Whole or in Part Based on Independent Deficiencies

Even if Plaintiff could somehow overcome Section 17533.7's safe harbor, the raw materials rule, the reasonable consumer standard, and Rule 9(b) (he cannot), the FAC still fails for independent reasons, warranting dismissal of the FAC in whole or in part.

#### 1. Plaintiff Lacks Standing to Pursue Injunctive Relief

To establish standing for injunctive relief, a plaintiff must allege an "actual and imminent" threat of repeated injury. *See DZ Reserve v. Meta Platforms, Inc.*, 96 F.4th 1223, 1240 (9th Cir. 2024). In the consumer fraud context, plaintiffs may satisfy this requirement by showing they "will be unable to rely on the product's advertising or labeling in the future and so will not purchase the product although they would like to." *Davidson v. Kimberly-Clark Corp.*,

**VENABLE LLP**
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

889 F.3d 956, 970 (9th Cir. 2018). It is not enough to allege only a continued desire or intent to purchase—the plaintiff must also include plausible allegations that he will be unable to "rely on the validity of the information advertised." *Id.* at 971; *see also McCausland v. PepsiCo, Inc.*, No. 23-cv-04526-PCP, 2025 WL 722444, *3-4 (N.D. Cal. Mar. 6, 2025) (dismissing plaintiffs' request for injunctive relief for lack of standing, even where plaintiffs alleged an intent to purchase the products in the future, because plaintiffs could not reasonably claim they would be harmed in the future).

Plaintiff cannot do so here. The FAC alleges that he "wants to purchase the [] Products again but cannot be certain that he would not be misled again in the future unless and until Defendant makes appropriate changes to its [] Products' labeling and marketing." FAC ¶ 211. That makes no sense. Plaintiff repeatedly alleges that mustard seed is sourced from Canada. FAC ¶ 51. Having pleaded that fact throughout the FAC, Plaintiff "now has knowledge that enables him to make an appropriate choice with respect to the Products," and thus, "there is no longer any risk that Plaintiff will be misled the next time he looks at the Product's label." *Trammell v. Albertsons Cos., Inc.*, No. 24-cv-00862-AJB-AHG, 2025 WL 591069, at *4-5 (S.D. Cal. Feb. 24, 2025). Accordingly, his injunctive relief claims should be dismissed for lack of standing.

### 2. Plaintiff's Equitable Claims Fail Because an Adequate Legal Remedy Exists

"It is a basic doctrine of equity jurisprudence that courts of equity should not act . . . when the moving party has an adequate remedy at law." *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 381 (1992) (internal quotation marks and citation omitted); *see also Schroeder v. United States*, 569 F.3d 956, 963 (9th Cir. 2009) ("[E]quitable relief is not appropriate where an adequate remedy at law exists."). The Ninth Circuit's decision in *Sonner v. Premier Nutrition Corp.* is controlling: a plaintiff "must establish [he] lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL and CLRA." *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020); *see also Height St. Skilled Care, LLC v. Liberty Mut. Ins. Co.*, No. 1:21-cv-01247-JLT-BAK (BAM), 2022 WL 1665220, at *7-8 (E.D. Cal. May 25, 2022) (Thurston, J.) (dismissing equitable claims).

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

Plaintiff fails to do so here. His equitable claims under the CLRA, UCL, FAL, and unjust enrichment all seek restitution or injunctive relief, but he simultaneously seeks damages for the same alleged harm, payment of a price premium. *In re ZF-TRW Airbag Control Units Prods. Liab. Litig.*, 601 F. Supp. 3d 625, 768-70 (C.D. Cal. Feb. 9, 2022) (plaintiff cannot proceed with these claims without "explain[ing] why money damages are not an adequate remedy.").

In response to McCormick's first motion to dismiss, Plaintiff added conclusory allegations regarding his supposed inadequate remedies at law in the FAC; essentially, Plaintiff argues restitution could be higher or easier to obtain than damages. *See* FAC ¶¶ 141-147. But courts have assessed virtually identical allegations and found that this does not render Plaintiff's legal remedies inadequate. *See, e.g.*, *Gill v. Chipotle Mexican Grill, Inc.*, No. 8:24-cv-01672-FWS-JDE, 2025 WL 1443767, at *5 (C.D. Cal. May 19, 2025); *Clevenger v. Welch Foods Inc.*, 2022 WL 18228288, at *6 (C.D. Cal. Dec. 14, 2022) ("[T]he fact that one remedy may be simpler or easier to obtain does not demonstrate that Plaintiffs lack an adequate remedy at law."); *Phillips v. Brooklyn Bedding LLC*, 2024 WL 2830663, at *2 (N.D. Cal. Mar. 28, 2024) (finding the plaintiff failed to sufficiently allege inadequate remedy at law where "[i]n essence, Phillips maintains that he has no adequate remedy at law because his legal claims have different elements that are harder to prove and require additional showings of proof.").

Plaintiff's equitable claims under the CLRA, UCL, FAL, and unjust enrichment and all prayers for equitable relief should therefore be dismissed without leave to amend.

### 3. Plaintiff Lacks Standing to Sue Over Unpurchased Products

Plaintiff alleges he purchased three Products, Dijon Mustard with Chardonnay, Honey Dijon, and Yellow Mustard. *See* FAC ¶ 7. Yet he seeks to represent a class of individuals who purchased all variations, flavors, and all sizes of all products under the French's Mustard product line, including those listed in Exhibit A to the FAC. *See id.* at n. 1, Ex. A. He has no standing to sue over products he did not purchase.

Article III requires a personal stake in each claim. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). Thus, a plaintiff "must demonstrate standing for each claim that they press and for each form of relief that they seek." *Id.* at 431; *see also McCracken v. KSF Acquisition Co.*,

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

1    No. 5:22-cv-01666-SB-SHK, 2022 WL 18932849, at *2 (C.D. Cal. Dec. 15, 2022) ("Whether

2    those unpurchased products contained identical, similar, or dissimilar representations does not

3    alter the fact that they caused Plaintiff no harm.").

4        Even under the "substantial similarity" approach[8], Plaintiff fails. Aside from listing a few

5    shared ingredients[9], he does not provide any details regarding what foreign country those

6    ingredients in each product were allegedly sourced from, the amount of foreign-sourced

7    ingredients in those unpurchased products, any facts related to the wholesale value of those

8    products, or any other fact from which this Court could assess whether they are substantially

9    similar to the products he purchased. *See Alaei v. Kraft Heinz Food, Co.*, No. 15cv2961-MMA

10   (DHB), 2016 U.S. Dist. LEXIS 63914, at *8 (S.D. Cal. Apr. 22, 2016) (plaintiff lacked standing

11   to assert claims as to products she did not purchase because she provided no details regarding

12   those products in her complaint to enable the court to make a substantial similarity

13   determination); *Wilson v. Frito-Lay N. Am. Inc.*, 961 F. Supp. 2d 1134, 1141 (N.D. Cal. 2013)

14   (dismissing claims as to unpurchased products because "the Court cannot just assume that every

15   one of the Non-Purchased Products' labels is actionable in the same way as the more fully

16   _____

17

18   [8] "There is a split of authority amongst district courts in the Ninth Circuit whether plaintiffs have
     Article III standing to bring claims for products they did not personally purchase but that were

19   purchased by unnamed class members." *Cho v. Hyundai Motor Co., Ltd.*, 636 F. Supp. 3d 1149,
     1179 (C.D. Cal. Oct. 21, 2022) (collecting cases). Some courts have dismissed claims regarding

20   unpurchased products because such grouping runs afoul of standing principles. *See e.g.*,
     *Missaghi v. Apple, Inc.*, No. CV-13-02003 GAF (AJWx), 2013 WL 12203021, at *8 (C.D. Cal.

21   May 31, 2013) ("Plaintiff could not, as a matter of fact, have suffered injury from a product he
     never purchased, nor even claims to have seen advertisements concerning."); *see also Hass*, 2016

22   WL 7097870, at *6 (There must be a "causal connection between the injury and the conduct
     complained of" and the injury must be "likely, as opposed to merely speculative."). Other courts

23   have employed the "substantial similarity" approach, wherein plaintiffs are permitted to bring
     claims based on products they did not personally purchase if the products and alleged

24   misrepresentations are substantially similar. *See e.g.*, *In re 5-Hour Energy Mktg. & Sales Pracs.
     Litig.*, No. MDL 13-2438 PSG (PLAx), 2014 U.S. Dist. LEXIS 149732, at *7 (C.D. Cal. Sept. 4,

25   2014).

26

27   [9] *See Dysthe v. Basic Research LLC*, 2011 WL 5868307, at *5 (C.D. Cal. June 13, 2011)
     ("[h]aving a few common ingredients is simply not enough to show the Products are the same or

28   even 'nearly identical.'").

MCCORMICK'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

1    described Purchased Products' labels are.").

2        Plaintiff also fails to identify what representations appear on which unpurchased

3    Products, or even whether every product carried the same statement. Instead, he alleges that the

4    Products display a purported "Crafted and Bottled in [USA]" representation *or a substantially*

5    *similar U.S.-origin representation*, without identifying what those representations are. *See e.g.*,

6    FAC ¶ 23. Plaintiff also fails to identify which Products contain the "American Flavor in a

7    Bottle" representation on the Principal Display Panel—not all of which contain such a

8    representation. Accordingly, Plaintiff has failed to carry his burden in establishing standing. *See*

9    *Town of Chester N.Y., v. Laroe Estates, Inc.*, 581 U.S. 433, 439 (2017) (plaintiff bears the burden

10   of demonstrating each of the elements of standing for every claim asserted and for each type of

11   relief sought).

12       The Court should dismiss Plaintiff's claims based on unpurchased products for lack of

13   Article III standing.

14   **V.    CONCLUSION**

15       For the foregoing reasons, McCormick respectfully requests that the Court grant this

16   Motion and dismiss Plaintiff's FAC in full or, alternatively, in part.

17

18   Dated:  September 30, 2025              VENABLE LLP

19

20                                  By:    */s/ Amit Rana*
                                           Amit Rana
21                                         Antonia Stabile
                                           Mona Mujaddidi
22
                                           Attorneys for Defendant,
23                                         McCormick & Company, Inc.

24

25

26

27

28

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750