**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DARRNELL MCCOY,<br><br>        Plaintiff,<br><br>v.<br><br>MCCORMICK & COMPANY, INC.,<br><br>        Defendant. | Case No. 1:25-cv-00231 JLT SAB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS<br><br>(Docs. 36, 39, 47) |

Darrnell McCoy alleges McCormick & Company, Inc. deceived him and other consumers about the contents of the mustard it sells as "Crafted and bottled in Springfield, MO, USA" and "American Flavor in a Bottle." (*See generally* Doc. 31.) Defendant moves to dismiss the first amended complaint for lack of jurisdiction and for failure to state a claim upon which relief can be granted. (Docs. 36, 39.) The Court referred the motion to the assigned magistrate judge, who has prepared Findings and Recommendations. (Doc. 47.) The magistrate judge recommends granting the motion in part, with leave to amend in part. (*See id.* at 32–33.) Both parties object in part to the Findings and Recommendations, and both have responded to those objections. (*See* Docs. 52–55.) The Court has reviewed the matter de novo and concludes as follows:

**Standing.** The Court agrees with the magistrate judge that the complaint meets the jurisdictional requirements for seeking injunctive relief, which the Circuit laid out in *Davidson v.*

1

*Kimberly-Clark Corp.*, 889 F.3d 956 (9th Cir. 2018).  (*See* Doc. 47 at 27–28.)  The Court also agrees with the magistrate judge that plaintiff has not made allegations that could show he has standing to pursue claims about other types of mustard that he did not purchase.  (*See id.* at 30–31.)  It is not necessary to weigh in on whether it is ever appropriate for a plaintiff to sue on behalf of people who purchased other similar products.  (*See id.* (collecting conflicting authority).)

**Rule 9(b).**  The Court agrees with the magistrate judge that the first amended complaint satisfies the pleading standards of Rule 9(b).  It specifies who was allegedly deceived, what was said, when, how, and why.  (*See id.* at 23–26.)  For that reason, the Court also agrees that it is not necessary to decide whether that heightened pleading standard applies, rather than a lesser standard.

**Raw Materials**.  The Court agrees with the magistrate judge that mustard seeds are "raw materials" for purposes of California Business & Professions Code section 17533.7 and the California Court of Appeal's decision in *Benson v. Kwikset Corp.*, 152 Cal. App. 4th 1254 (2007).  (*See* Doc. 47 at 6–9.)  Plaintiff contends otherwise based primarily on his argument that the cultivation of mustard plants and the preparation of useful seeds is a complex "mechanical" and "physical" process.  (*See* Doc. 53 at 4–7.)  Raw materials of many types can be produced in complex, mechanical, and physical processes, and yet they are raw materials just the same.  A mustard seed is a raw material in every relevant sense.

**Claims on the Package.**  The Court agrees with the magistrate judge that a reasonable consumer would not believe the phrase "Crafted and Bottled in Springfield, MO, USA" on the back of the bottle was an assertion that every ingredient within it—from chardonnay to turmeric to mustard seeds—was produced within a single American city.  (Doc. 47 at 10–13.)  The Court also agrees with the magistrate judge that the phrase "American Flavor in a Bottle" does not imply that the ingredients within the mustard were cultivated or prepared within the United States, but rather that the flavor of Defendant's mustard is distinctly and classically American.  (Doc. 47 at 14–16.)  This Court can also reach these legal issues on the pleadings alone, as the magistrate judge explained.  *See Moore v. Trader Joe's Co.*, 4 F.4th 874, 885 (9th Cir. 2021).

**Final Wholesale Value.** The magistrate judge concluded that Defendant's motion could not be granted on the basis of the "final wholesale value" provisions within section 17553.7 of the California Business and Professions Code. (Doc. 47 at 16–23.) It is not necessary to decide whether that is so, given the other faults discussed above.

**Leave to Amend.** The Court declines to adopt the Magistrate Judge's recommendation to dismiss Plaintiff's requests for equitable remedies for lack of equitable jurisdiction. Plaintiff argues that he is pursuing these claims in the alternative or hypothetically, i.e., to the extent that damages and other legal remedies are unavailable to him in this action, as the Federal Rules permit him to do. *See* Fed. R. Civ. P. 8(d)(2). The Court agrees with the Magistrate Judge, however, that plaintiff should not be permitted to assert his claims under the California Unfair Competition Law, False Advertising Law, or Consumer Legal Remedies Act again in an amended complaint. (*See id.* at 32.) Plaintiff has not explained what further amendments might permit him to assert a viable claim, and the Court cannot conceive of any. Plaintiff's statutory claims and his related requests for relief, both equitable and otherwise (those within claims one, two, and three), are thus dismissed on their merits, i.e., without leave to amend and with prejudice. But finally, given the "extreme liberality" that this Court must employ in response to a request for leave to amend, *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam) (citation and quotation marks omitted), and given the parties' failure to discuss the potential futility of claims four through seven in their principle briefing (*see* Doc. 47 at 32), the Court adopts the magistrate judge's recommendation to grant plaintiff leave to amend claims four through seven only. The Court does not anticipate that any further amendments will be permitted.

The Court thus orders as follows:

1.      The Court **ADOPTS** the Findings and Recommendations (Doc. 47) in part as discussed above.

2.      The motion to dismiss (Doc. 36, 39) is **GRANTED**.

///

///

///

3

3.   Plaintiff may file a second amended complaint, but only with respect to claims four, five, six, and seven of the first amended complaint.  Any second amended complaint must be filed within thirty days.

IT IS SO ORDERED.

Dated:   **April 13, 2026**

UNITED STATES DISTRICT JUDGE